STATE EX REL. EDWARD FRANK, RELATOR, v. EDWARD E. PORTERFIELD, JUDGE, RESPONDENT.*

Kansas City Court of Appeals. July 8, 1926.

848

*Corpus Juris-Cyc References: Prohibition, 32Cyc, p. 612, n. 96; p. 617, n. 19; p. 628, n. 93.

*I. M. Lee* for relator.

*Ira B. McLaughlin* and *George F. Combs, Jr.* for respondent.

BLAND, J.—This is an original proceeding in prohibition in which it is sought to prohibit the Honorable E. E. Porterfield, judge of the juvenile court of Jackson county, from assuming jurisdiction in a certain cause in which one Rexford Frank, a male child two and one-half years old and the son of the relator, is being proceeded against as a "neglected child," under the provisions of Article VI, Chapter 21, Revised Statutes 1919.

We have heretofore issued a preliminary writ and the case now comes up for a decision as to whether we should make the writ permanent.

The petition for the writ alleges that on February 22, 1926, a petition was filed in the juvenile court of Jackson county, Missouri, over which respondent presides, entitled "State of Missouri v. Rexford Frank," in which it was alleged that the said Rexford Frank was a neglected child within the meaning of the law; that a summons

was issued directed to relator, commanding him to appear in said court on February 26, 1926; that the summons was served on him on February 22, 1926; that on April 5, 1926, affidavits of various persons were filed in said court in said cause; that on April 9, 1926, relator entered his special appearance in said cause and filed a motion to dismiss the petition and proceedings and in support of his motion he filed his affidavit in said cause; that on April 12, 1926, an amended petition in said cause was filed; that thereafter on the last-mentioned day he filed a motion to dismiss said amended petition and proceedings and refiled his affidavit in support of said motion to dismiss; that thereafter affidavits were filed by various persons whose names are set forth in the petition for the writ; that on April 12, 1926, the respondent overruled the motion to dismiss said amended petition and said proceedings and caused to be entered an order directing and commanding relator to be and appear in said juvenile court at 9:30 A. M. on Thursday, April 15, 1926, and to then and there produce in said court the said Rexford Frank.

The petition for the writ further alleges that at the time of the filing of the amended petition in the said juvenile court and since February 20, 1926, the said Rexford Frank was and at all times since has been and now is outside of Jackson county, Missouri, and has been within the State of Illinois and a resident of that State and is and was outside and beyond the jurisdiction of the said juvenile court; that, for these reasons, respondent, in attempting to enforce his order requiring relator to produce said Rexford Frank before said court and in taking cognizance of said cause and in attempting to exercise any jurisdiction over the cause, was and is acting in excess of the power and jurisdiction of the said juvenile court and without authority of law; that respondent, in making his orders aforesaid, requiring the relator to produce the said Rexford Frank on April 15, 1926, announced his intention to then take jurisdiction of said cause and proceed with the hearing of the same.

In the return respondent alleges "that evidence was presented to him on the hearing of said motion tending to prove that said infant is and was at all of said times a resident of Jackson county, Missouri; that on February 19, 1926, relator removed said infant from its then home at 5630 Paseo, Kansas City, Missouri, placed it in charge of his agents and servants and has kept its whereabouts a secret since said date; that one of the purposes of the removal of said infant as aforesaid was an attempt on the part of relator to avoid and defeat the jurisdiction of the juvenile court of Jackson county, Missouri; that relator still has the custody and control of said child. Respondent alleges that the question of his jurisdiction as judge aforesaid of said child is and was one for this respondent to decide and that this respondent has decided same as in relator's petition

alleged.'' . . . ''Respondent states that no pleadings of any kind or character were filed in said cause for and on behalf of said infant or the relator herein, except such as are specifically mentioned in relator's petition.''

A reply to the return was filed by the relator which, in effect, was a motion for judgment on the pleadings and the case has been submitted to us on this motion. The parties do not agree in reference to the question of what residence or presence of a child in the county is necessary in order for the juvenile court to obtain jurisdiction over it for the purpose of declaring it a neglected child under the statute. The statute, itself, is not clear on this subject but it seems to be admitted by the parties that if a child is a resident of the county and is actually present in the county at the time jurisdiction over it is attempted to be exercised by the juvenile court, that that court has jurisdiction. [See, also, State ex rel. Emory v. Porterfield, 211 Mo. App. 499.] The statute provides a method of summoning the person having custody or control of the child. This statute in part reads as follows:

''Upon the filing of the petition, unless the parties shall voluntarily appear or be in court, a summons shall issue in the name of the State of Missouri, requiring the child and the person having custody or control of the child or with whom the child may be, to appear with the child at the place and at the time set in the summons, which shall not be less than twenty-four hours after service, unless otherwise directed by the court or judge. The parents of the child, if living, and their residence known, or its legal guardian, or if his or her residence is unknown, then some relative, if there be one, and his or her residence known, shall be notified of the proceedings, and in any case the court may appoint some suitable person or association to act in behalf of the child. If the person summoned, as herein provided, shall fail without reasonable cause to appear and abide the order of the court, or to bring the child, such person may be proceeded against as in the case of contempt of court. If it shall appear to the satisfaction of the court that there is no person in charge or care of the child, the court may order the sheriff to take control of the child and bring him into court. On the return of the summons or other process, or as soon thereafter as may be, the court shall proceed to hear the case in a summary manner, and if it shall determine that the child is a 'neglected child' within the definition thereof contained herein, shall enter its order or judgment accordingly under the provisions of this article:'' [Section 2594, Revised Statutes 1919.]

It is claimed by the relator that the return filed in this court by respondent tenders no issue; that the cause is here for determination solely upon the allegations of the petition. It is claimed that both residence of and actual presence in the county of the child is re-

quired to give the juvenile court jurisdiction and that the petition shows that the child was neither a resident of Jackson county nor was he actually within the county when the proceedings were instituted nor was he ever personally present in the juvenile court and, therefore, it is insisted that respondent had no jurisdiction to proceed in the cause. In connection with the argument on the question as to whether the return tenders any issue it is pointed out by relator that the return does not deny that the child, Rexford Frank, was not a resident of the State of Illinois at the time mentioned. It must be conceded that the return, under the rules of good pleading, does not deny that the child was a resident of the State of Illinois at the time in question. [See State ex rel. Wheeler v. Adams, 161 Mo. 349, 363, 364; Pattison's Missouri Code Pleading (2 Ed.), section 607.]

However, we think that respondent was not called upon to deny either the allegation of residence or the one concerning the presence of the child in the State of Illinois and without the jurisdiction of the respondent. Considering only the allegations of the petition, the facts alleged therein that the child was a resident of the State of Illinois and not actually present in Jackson county, Missouri, at the times mentioned, do not necessarily show that the respondent does not have jurisdiction to proceed in the cause. Respondent had jurisdiction to determine whether he had jurisdiction of the cause if the facts upon which he assumed jurisdiction were disputed and if, as a matter of fact, the child was a resident of the State of Illinois, and not in Jackson county at the time in question, and respondent decided to the contrary upon disputed facts, then, although his conclusion is wrong, the only redress open is that by appeal and the assigning of such errors therein that are reviewable by an appellate court as respondent may have committed in the trial and his decision of the question. It is only where the court sought to be prohibited decides that he has jurisdiction when he has not and the facts are undisputed or agreed upon that a superior court will interfere by the writ of prohibition. [State ex rel. v. Falkenhainer, 274 S. W. 758, 760; State ex rel. v. Shields, 237 Mo. 329; State ex rel. v. Calvird, 195 Mo. App. 354; State ex rel. v. Holtcamp, 277 S. W. 607, 608; State ex rel. v. Caulfield, 245 Mo. 676.]

Without looking at the return but assuming that the court, upon disputed facts, decided that he had jurisdiction (and the petition itself, wherein it alleges the filing of affidavits upon the filing by relator of his motion to dismiss the amended petition, suggests that there was a dispute in the facts upon the question), what course was respondent to pursue in drawing his return? If the facts were in dispute he had jurisdiction to try the question of his own jurisdiction without interference by a writ of prohibition from this court. He was therefore not called upon to join issue with the relator on the

question as to whether or not he actually had jurisdiction, he having determined that point upon disputed facts.

Under the rules of pleading, respondent was obliged either to deny or to confess and avoid. [St. Louis Gas-light Co. v. City of St. Louis, 11 Mo. App. 55, 61.] As the petition does not allege that the decision of respondent was based upon undisputed facts showing the residence and presence of the child as alleged in the petition, respondent was under no necessity to deny the allegations of the petition in reference to these matters. Of course respondent was under no obligation to confess such residence and presence. The conclusion inevidently follows that relator's petition fails to state sufficient facts for the issuance of the writ as it neglects to disclose that the facts upon which it is claimed the child was a resident of the State of Illinois and in that State were undisputed. As before stated, there are allegations in the petition tending to show, if anything, that there was evidence *pro* and *con* upon this subject. The affidavits mentioned in the petition for the writ have been filed here, but, in view of relator's insistence that we may not consider anything but the pleadings, we have ignored such affidavits.

But looking to the return and waiving aside all matters concerning rules of good pleading, it shows, as a matter of fact, that there was a dispute as to the facts, at least as to the residence of the child. The return does not seem to deny the fact that the child was actually in the State of Illinois at the time respondent assumed jurisdiction but it does state that there was evidence before respondent that the child was actually a resident of Jackson county at the times mentioned in the petition for the writ but that three days prior to the filing of the petition in the juvenile court, relator removed the child from its home in Jackson county and has kepts its whereabouts a secret ever since for the purpose and intention of avoiding and defeating the jurisdiction of the juvenile court over the child; of course, respondent has obtained jurisdiction over relator under section 2594, Revised Statutes 1919. If the evidence mentioned in respondent's return is true and both residence of and presence in the county on the part of the child are necessary to give the juvenile court jurisdiction, then relator's conduct is clearly a fraud upon the law and ought not to be countenanced or permitted to defeat the jurisdiction of the juvenile court.

The preliminary writ is quashed and the proceedings dismissed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.