STATE OF MISSOURI EX REL., KANSAS CITY EXCHANGE CO. ET AL., RELATORS, v. HON. BROWN HARRIS, JUDGE, ETC., ET AL., RESPONDENTS. —81 S. W. (2d) 632.

Kansas City Court of Appeals. April 1, 1935.

722

*Winger, Reeder, Barker & Hazard* for relator, Independent Dairies, Inc.

*James P. Aylward, George V. Aylward* and *Terence M. O'Brien* for relator, Kansas City Exchange Company.

*J. C. Hargus, E. D. Martin* and *G. B. Silverman* for respondents.

REYNOLDS, C.—This is an original proceeding in prohibition instituted in this court by relators, in which it is sought to prohibit the Honorable Brown Harris, judge of division number 4 of the Circuit Court of Jackson County, from enforcing an injunction or restraining order granted by him in the case of Johnson and others

against these relators, being cause numbered 434011 pending in said court and assigned for hearing to said division number 4 thereof, for the alleged reason that said injunction or restraining order was granted without notice to relators and solely upon the allegations of the petition therefor and without any hearing of testimony and that the making of said order and the granting of said injunction and the enforcement thereof were and are in excess of his jurisdiction, power, and authority as judge of said court.

Upon the filing of relators' petition, duly verified, a provisional writ was issued by this court to the respondent the Honorable Brown Harris as judge of division number 4 of the Circuit Court of Jackson County, Missouri, at Kansas City; and return, in which all of the respondents have joined, has been made thereto.

. Upon the filing the return, the relators filed a motion for judgment upon the pleadings, based upon the following grounds: (1) The return does not deny, but admits the essential allegations of the petition for prohibition. (2) The return does not allege any other or further facts, by way of confession and avoidance, which constitute a legal reason why the writ of prohibition should not issue against them.

In their brief filed upon the hearing, upon February 27, 1935, the respondents move to quash the preliminary rule in prohibition and to dismiss relators' application for the issuance of the permanent writ and assign the following reason therefor: Relators' printed brief fails to comply with the rules of this court in this: (a) Relators' so-called statement of the case on pages 1, 2, and 3 of their brief is not a clear and complete statement of the case. It is, in fact no statement at all. It gives no information as to the facts in the case or the issues involved. This is a violation of the court's rule 16 and section 1060, Revised Statutes 1929. (b) Relators have failed in their duty to make sufficient assignments under the heading "Points and Authorities" to show why the peremptory writ should be ordered. The points made are: First, "In granting the temporary injunction without notice, the circuit court acted in excess of its jurisdiction." Second, "Prohibition is the proper remedy." Third, "Under the admission in respondents' return relators motion for judgment on the pleadings should be sustained and the provisional writ of prohibition heretofore issued should be made permanent." Respondents complain that such points as made are a mere statement of conclusions without any reasons why being given and that the court and counsel are left to search the record and argument for reasons for these positions, if any.

It is not insisted in the motion that the relators in an original proceeding, such as this, are required to present any assignment of

errors; but it is insisted that they should be required to give reasons for the points they make so that the court and counsel may know what they are.

It appears from the history of this case, gathered from the pleadings and the record, that the respondents, other than the Honorable Brown Harris, are dairymen engaged in the business of producing, selling, and delivering milk and its products in Kansas City, Missouri, and vicinity; that the relators are corporations having their places of business in Kansas City, Missouri, and engaged in the business of collecting milk bottles, sorting them, and delivering them to their rightful owners and one of them is also engaged in the business of buying, selling, and delivering milk; that, sometime prior to July 14, 1934, the relator Kansas City Exchange Company filed four certain replevin suits against various of the respondents herein, other than the Honorable Brown Harris, before J. J. Dougherty, a justice of the peace in and for Kaw township, Jackson county, Missouri, which, upon changes of venue, were transferred to Louis J. Mazuch, another justice of the peace for Kaw township in said county, and which were pending before Louis J. Mazuch on July 14, 1934; that, under replevin writs issued in said suits, the relators were, on said date and prior thereto, interfering with the various respondents in the conduct of their various businesses by stopping their wagons and trucks, seizing and taking therefrom the bottles being used by the respondents in furnishing milk to their customers and in pouring the milk therefrom, and were interfering in other ways; that, on July 14, 1934, the various respondents herein, other than the Honorable Brown Harris, judge, on their own behalf, respectively, jointly, and severally, and on behalf of all persons who might thereafter join in the prosecution of the same, filed in the Circuit Court of Jackson County, Missouri, a petition in equity for injunctive relief against defendants therein (being the same as the relators herein) by which petition it was sought to restrain defendants therein (the relators herein) from, among other things, prosecuting the certain replevin suits pending before Louis J. Mazuch, justice of the peace of Kaw township, Jackson county, on changes of venue from J. J. Dougherty, justice of the peace, and from instituting other proceedings for the recovery of milk bottles and from entering upon the trucks of the various respondents herein, other than respondent the Honorable Brown Harris, judge (plaintiffs in said petition) and from demanding or taking milk bottles from them; that, upon the filing of such petition, the respondent the Honorable Brown Harris, one of the judges of said court who at the time was the assignment judge thereof, assigned said cause to division number 4 of said court, of which division he was at the time judge, and forthwith, thereupon,

granted the restraining order against relators herein (defendants therein) as prayed for in said petition, upon the allegations thereof without the hearing of any testimony and without any notice given relators of said proceedings and without any opportunity to be heard being given them.

The relators' petition for the writ herein alleges that the relators, Kansas City Exchange Company and Independent Dairies, Inc., are corporations, organized under the laws of the State of Missouri, with their offices and principal places of business at Kansas City, Missouri; that both relators are engaged, among other things, in acting as clearing houses for the exchange of milk bottles used by various distributors and producer-distributors for delivering milk to customers in and about Kansas City, Missouri, in order to provide a method whereby all of said milk distributors may comply with the laws of the State of Missouri, prohibiting the use of milk bottles having registered brands by others than the owners thereof (sections 12449-12455, inclusive, Revised Statutes of Missouri 1929) and comply with the ordinances of Kansas City, Missouri, prohibiting the use of bottles having the brand of another distributor by others than the owner thereof, in part providing that ''No person shall hold for sale or sell milk in a bottle bearing the name of any other person, firm, company or corporation which sells milk, unless said person be the duly authorized agent of said person, firm, company or corporation'' (Ordinance 56134, being an ordinance in revision of the General Ordinances of Kansas City, Missouri, particularly sec. 867, art. V. of chap. 12 thereof), and in order that each distributor may respect the property right of the other distributors in the bottles which bear their various brands or marks; that the Honorable Brown Harris is now the duly elected, qualified, and acting judge of division number 4 of the Circuit Court of Jackson County, Missouri, at Kansas City, and is and was at all times therein mentioned the duly elected, qualified, and acting presiding judge of said Circuit Court of Jackson county, Missouri, at Kansas City, Missouri, and that all of the other respondents named in the caption are individuals and partnerships engaged in the production and distribution of milk in and about Kansas City, Missouri.

It is further alleged in relators' petition that, on Saturday, July 14, 1934, the respondents herein, except the respondent the Honorable Brown Harris, filed their petition in a certain cause numbered 434011 in the Circuit Court of Jackson County, Missouri, at Kansas City, against the relators, a verified copy of said petition being attached to relators' petition and made a part thereof and marked ''Exhibit A,'' by which suit injunctive relief was sought to restrain relators from, among other things, prosecuting certain replevin suits

pending in the justice court and instituting other proceedings for the recovery of bottles and entering upon trucks belonging to the plaintiffs therein (respondents herein) and from taking or demanding bottles from plaintiffs therein (respondents herein). The specific acts sought to be enjoined are set out in the prayer of the respondents' petition, Exhibit A attached thereto.

It is further alleged in relators' petition that, upon the same day upon which said petition for injunctive relief was filed, the, respondent the Honorable Brown Harris, acting as the presiding and assignment judge of the Circuit Court of Jackson County, Missouri, at Kansas City, assigned said cause to division number 4 of said circuit court, being the division of which he was and is judge, and that thereupon, forthwith, without notice to relators of any nature whatsoever and without the knowledge of relators and without hearing any testimony and solely upon the allegations of said petition for injunctive relief, he, the said respondent the Honorable Brown Harris, entered an order in said cause restraining and enjoining relators from prosecuting the pending replevin suits and from instituting further proceedings of that character and from performing certain other acts, all as more particularly set out in a copy of said restraining order, which is attached to relators' petition and marked "Exhibit B" and made a part thereof by reference.

Relators' petition further alleges that the respondent the Honorable Brown Harris is maintaining said restraining order in force and effect and is threatening to and will continue so to maintain said order in force and will enforce said order against relators by contempt proceedings, unless prohibited from so doing by an order of this court, and that the act of said respondent the Honorable Brown Harris in issuing said restraining order without notice to relators or giving an opportunity for relators to be heard and the act of said respondent in threatening to enforce said order are and were in excess of the jurisdiction, power, and authority of said court in that said acts were and are prohibited by the provisions of section 1502, Revised Statutes of Missouri 1929, and that both relators are residents of the State of Missouri and were not concealing themselves or in any manner whatsoever evading process at the time the suit was filed and that no facts showing an imperative necessity for said order justifying its issuance without prior notice and hearing were alleged in said petition for injunctive relief and no irreparable damage could or would have resulted to the said plaintiffs in said cause (respondents herein) if notice had been given to relators as required by law.

Relators' petition further in substance alleges that relators are without an adequate remedy by appeal because the value of their businesses, vastly in excess of one thousand dollars each, lies mainly in

the goodwill and going-concern value of each company and their business life is dependent upon a continuous and expeditious exchange of milk bottles in order that all of their customer-members may have a constant return of their bottles for use in their respective businesses; that the injunction order will prohibit relators from prosecuting their respective businesses during an appeal and will prevent them from supplying their clustomer-members with an adequate return of their respective bottles and will prevent relators, during the pendency of the appeal, from getting possession of bottles coming into the possession of respondents (other than the respondent the Honorable Brown Harris) to which relators are rightfully entitled and will result in confusion among the various milk distributors as to their legal rights respecting milk bottles, to the end that the going-concern value and goodwill of relators' respective customers will be irreparably damaged; that an emergency is thereby created under which relators have no adequate, effective, or efficient remedy at law or otherwise, unless this court interposes by its writ of prohibition, and, unless a provisional writ of prohibition be granted by this court, relators are wholly without a remedy. A formal prayer for the writ followed.

In respondents' petition in equity (upon which the injunction or restraining order, complained of in relators' petition for prohibition herein, was made by respondent the Honorable Brown Harris, judge) it is alleged that the same is filed in behalf of the plaintiffs therein named, respectively, jointly, and severally, and in behalf of all other persons who might thereafter join in the prosecution of the same. It is further therein alleged that the plaintiffs therein (respondents herein) are individuals and partnerships engaged in the business of producing and delivering milk and milk products in and about Kansas City, Missouri, and marketing their products exclusively in the Kansas City, Missouri, market and have been so engaged for many years; that there was, at the time of the filing of the petition, and had been for more than twenty years a uniform established custom and usage of the milk trade and business in Kansas City to sell and deliver milk in the exchange of glass bottles of one-half pint, one pint, and one quart capacity, commonly known as milk bottles, which bottles when filled were sealed, according to ordinances and requirements of said city, with a paper or paste-board cap, upon which was plainly and legibly printed the name of the person who bottled the milk, together with the time the same was bottled and the kind and character of milk therein contained; that, when so bottled and sealed, the milk was delivered to the ultimate customer in the bottle without the seal being opened; that the bottles used were all alike and uniform in size, type, appearance, quality, and value; that the

demands of the Kansas City, Missouri, market require the bottling and delivery of several hundred thousand bottles of milk daily; that said milk therefor is produced in the territory adjacent to Kansas City, Missouri, and bottled at the place of production or sold to pasteurizing milk plants and there bottled; that, when bottled, the milk is distributed by trucks to the consumer and to stores, restaurants, and other places of business in Kansas City where the milk and bottles are resold to the ultimate consumer; that, under the customs and usages of the milk trade and business, it is essential, necessary, and unavoidable that one milk bottle be exchanged for another milk bottle and that a milk bottle of any certain capacity be accepted in full satisfaction of any other milk bottle of the same capacity; that, as a result, the bottles purchased and filled by each person, firm, or corporation engaged in the milk business become intermingled and constitute a common mass of bottles circulating throughout the milk trade.

Such petition for injunctive relief further alleges and charges that the defendants therein (being the relators herein), for the purpose of injuring the plaintiffs therein and others similarly situated, had unlawfully conspired together and agreed with each other to interfere with the exchange and interchange of milk bottles for the purpose of preventing the plaintiffs therein from conducting their respective businesses in accordance with the common usages and customs of the milk business and thereby to deprive them of their lawful rights and advantages and the emoluments of such businesses; that defendants therein (being the relators herein) had so conspired together and agreed with each other to take and restrain from the plaintiffs therein all bottles in general circulation and to assert the right to possession thereof.

Such petition for injunctive relief then proceeds to set out the acts done and steps taken by the defendants therein to carry out said conspiracy and in pursuance thereof and, among other things, alleges that, in carrying out said conspiracy, the defendant Kansas City Exchange Company was organized for the express purpose of carrying out the wrongful scheme of the defendants in depriving the plaintiffs of their milk bottles; that, in furtherance of said scheme and conspiracy, the other defendant, Independent Dairies, Inc., gathered up milk bottles which had been purchased and introduced into the common mass of bottles by all of the dairymen and delivered the same to the defendant Kansas City Exchange Company, which latter defendant, it is asserted, wrongfully claims the right of possession thereto; that such defendant pays nothing for said bottles but nevertheless refuses to deliver the same to the rightful owners thereof unless it be paid by the rightful owners therefor; that such de-

fendant is not engaged in the milk business and does not receive said bottles in the usual and ordinary course of trade in the milk business; that, under the customs and usages of the milk business, the bottle in which milk is contained is sold with the contents thereof and the right to the use of said bottle, the possession thereof, and the disposition thereof are conferred upon the purchaser of the milk; that, for the purpose of harassing and injuring these plaintiffs in their trade and business, the defendants stop the trucks in which plaintiffs make the delivery of milk en route and get upon said trucks, pretending to look for bottles claimed by them; that, by so doing, defendants continually trespass upon plaintiffs' rights.

It is further alleged in said petition for injunctive relief that, in furtherance of their scheme and conspiracy to injure the plaintiffs therein, the defendants therein caused to be instituted numerous suits in justice of the peace courts pretending to assert a right to replevin certain bottles; and such petition designates the suits so filed and the parties to each and the justice of the peace before whom the same were filed. It further alleges that said suits, so complained of, were, upon the motion and affidavit of the respondents herein (other than the respondent the Honorable Brown Harris) transferred by changes of venue to Louis J. Mazuch, another justice of the peace in Kaw township. It alleges that, under the pretext of serving writs of replevin in the above entitled causes of action, the defendants, through their agents and employees, went upon the trucks and wagons of the plaintiffs and there directed the constable of the justice court of J. J. Dougherty, a justice of the peace within and for said Kaw township, to pour out the milk and said milk (which the plaintiffs had bottled and sealed for the purpose of delivering to their customers) was then and there poured out of the bottles; that the defendants caused said pretended writs of replevin to be served at times when the plaintiffs were engaged in delivering milk to their customers, with the malicious intent on the part of the defendants of destroying plaintiffs' business; that defendants directed that only bottles filled with milk be taken by the officers; that the plaintiffs have always been ready and willing to exchange bottles with the defendants or with any one who has empty milk bottles, in the usual course of business, and were and are ready and willing to surrender any bottle in their possession for any bottle in the possession of the defendants or others, which bottle is suitable for use as a container of milk, but the defendants assert the right to retain the bottles received by them in exchange for plaintiffs' bottles and forcibly and unlawfully to take from plaintiffs bottles which plaintiffs received in exchange in the usual course of business; that, by so doing, the defendants therein hinder plaintiffs in carrying on their trade and

business and defendants thereby engage in unfair competition with plaintiffs.

It is further alleged in said petition for injunctive relief that the defendants therein (relators herein) are threatening to institute other suits similar to those instituted by them before the said J. J. Dougherty, justice of the peace, and transferred by changes of venue to Louis J. Mazuch, justice of the peace, against the plaintiffs in said petition (respondents herein, other than the Honorable Brown Harris) and others similarly situated and further to harass plaintiffs and injure them in the conduct of their business and that, unless restrained, will do so; that, in said suits, defendants wrongfully joined plaintiffs as defendants in replevin actions and wrongfully caused officers of the justice of the peace courts in Kaw township to serve pretended writs of replevin and to take bottles not in the possession of the plaintiffs at the time the replevin suits were instituted; that said replevin suits are wrongfully and maliciously instituted for the purpose of injuring the plaintiffs and in violation of their rights as citizens of the State of Missouri and the institution and prosecution of such suits is an abuse of judicial process; that, if said actions were rightfully instituted, the rights of the parties thereto could only be settled as to the particular bottles involved; that the questions involved are of general and common interest to a great number of people and affect the rights of the plaintiffs and others similarly situated; that equity should intervene to prevent a multiplicity of suits and the plaintiffs therein have no adequate and complete remedy at law; that the defendants therein are insolvent and are not engaged in any lawful or legitimate business, but interfere with the usual conduct of the milk business in Kansas City, Missouri, and its surrounding territory.

It is alleged in said petition for injunctive relief that the plaintiffs therein had exchanged bottles with the defendants therein and they offered to exchange with defendants or other person any bottle in their possession for any other bottle in the possession of the defendants or other person upon equal terms.

The prayer of such petition is as follows:

"WHEREFORE, these plaintiffs pray for a restraining order restraining the defendants and each one of them from prosecuting any of the actions hereinabove described, and from instituting any other suits or actions for the purpose of taking from the plaintiffs any bottles which have come into their possession in the usual and ordinary course of the conduct of the milk business, from entering upon the wagons or trucks of the plaintiffs and searching same, or in any other manner interfering with the plaintiffs in the conduct of their business; from taking the milk belonging to the plaintiffs and pour-

.ing it out of bottles in which it has been bottled by the plaintiffs, and from demanding or taking from the plaintiffs any bottles in their possession without giving to the plaintiffs other milk bottles of equal value and capacity.

"Plaintiffs further pray, that upon a hearing before this court that they have a temporary injunction, restraining and enjoining the defendants and their agents from prosecuting any of the suits hereinabove mentioned, and from interfering with the plaintiffs in the conduct of their business by entering upon their trucks and wagons and searching same, or by instituting suits of any kind or description for the replevin of bottles falling into plaintiffs' possession in the usual conduct of the milk business, and from demanding or taking from the plaintiffs any bottle without giving to plaintiffs in exchange therefor some other milk bottle of like capacity and value and that upon a final determination hereof that the defendants and each of them be forever restrained and enjoined from gathering and sequestering milk bottles and taking them out of the usual and ordinary channels of the trade and from demanding of the plaintiffs that they contribute money to the defendants as a condition to the free exchange of bottles, and from entering upon and searching the trucks and wagons of the plaintiffs, and from interfering or molesting the plaintiffs in any manner in the conduct of their business. Also forever enjoining the defendants from prosecuting the suits hereinabove mentioned, or instituting other like suits for the purpose of harassing the plaintiffs, and from dumping milk out of the bottles filled by the plaintiffs and by them received in the usual course of the conduct of the milk business.

"Plaintiffs further pray that they have such other and further relief as to the court may seem equitable and just, and that the defendants be adjudged to pay the costs of this action."

Such petition for injunctive relief was duly verified.

The restraining order entered thereon by the court is as follows:

"Upon reading the plaintiffs' Petition in Equity for Injunctive Relief, duly verified under oath and sworn to in the above entitled cause of action as filed herein, the court is satisfied, and the court finds, that the plaintiffs are entitled to the relief prayed for in the said petition:

"NOW, THEREFORE, it is ORDERED by the court that the defendants in the above entitled cause of action, and each one of them, their agents, servants and employees are restrained and enjoined from prosecuting any of the causes of action now pending by way of replevin of empty milk bottles now pending in the Justice Court of Louis J. Mazuch, a justice of the peace within and for Kaw Township in Jackson County, Missouri, or in any other court in Jackson County;

Missouri, and from instituting any other suits or causes of action for the purpose of taking from the plaintiffs any milk bottles which have come into their possession in the usual or ordinary course in the conduct of the plaintiffs' milk business, and the defendants and each one of them are restrained and enjoined from entering upon the delivery wagons or trucks of the plaintiffs and searching the same, or in any other manner interferring with the plaintiffs in the conduct of their milk business, and from taking the milk belonging to the plaintiffs and pouring the milk out of the bottles, which has been bottled by the plaintiffs, and from demanding or taking from the plaintiffs any bottles in their possession without giving to the plaintiffs other milk bottles of equal value and capacity, and the defendants are further restrained and enjoined from gathering and sequestering milk bottles and taking them out of the usual and ordinary channels of trade, and from demanding that the plaintiffs contribute money to the defendants by the condition of the mere exchange of the bottles, and from entering upon and searching the trucks and wagons of the plaintiffs, and from interfering with and molesting the plaintiffs in any manner in the conduct of their milk business, and from dumping or pouring out the milk out of the bottles filled by the plaintiffs, and by them received in the usual course of the conduct of the plaintiffs' milk business, until the further order of the court. This order to take effect upon giving of a temporary injunction bond in the sum of $500 conditioned according to law.

"DONE this 14th day of July, 1934,

"Brown Harris, Judge."

The return of the respondents to the provisional writ issued herein is substantially as follows:

"I.

"Now comes all of the respondents in the above entitled cause of action and admit that the relators, the Kansas City Exchange Company and the Independent Dairies, Inc., are Missouri corporations doing business in Kansas City, Missouri, and that the respondent Honorable Brown Harris is and was at all times mentioned in the record herein, the Presiding Judge of the Circuit Court of Jackson County, Missouri, at Kansas City, and Judge of Division 4 of the Circuit Court of Jackson County, Missouri, at Kansas City, and each individual and each partnership named as a party respondent in the caption hereof, are engaged in the production and distribution of milk in and about Kansas City, Missouri;

"II.

"That the petition for injunction and the restraining order enjoining and restraining relators as alleged in the petition for prohibition are set out in said petition, and that the injunction—restrain-

ing order as recited, was issued without formal notice, but was issued upon the respondents' petition in equity for injunctive relief and upon the sworn oath of the respondents, and upon the respondents giving a bond as set forth in the record of the said injunction.

"III.

"The laws of the State of Missouri governing the use of milk bottles having registered bottles—sections 12440-12455 both included in the Revised Statutes of Missouri, 1929, and in the ordinances of Kansas City, Missouri, prohibiting the use of bottles having the brand of another distributor, and that section 867, Article V of Chapter 12 of the ordinances of Kansas City, Missouri, prohibiting the use of bottles having the brand of another distributor, and that section 867, Article V of Chapter 12 of the ordinances of Kansas City, Missouri, are unconstitutional, null and void, and attempt to deprive these respondents of their lawful property rights without due process of law, and said laws are special class legislation."

It was further alleged in said return that the relators in this proceeding for prohibition are violating the Constitution of the State of Missouri, together with the Fourteenth Amendment to the Constitution of the United States in violating the rights of citizens in the enjoyment of their right to contract in the sale of milk bottles; that, by virtue of certain alleged replevin suits and writs (all of which writs are alleged to be void) they have, with malice, unlawfully, willfully, and wrongfully taken the milk of respondents without right or authority so to do and have caused irreparable loss by so doing to the respondents.

It is further alleged in the return that both of said relators are wholly insolvent and were organized for the sole purpose of unlawful competition and destruction of the raw milk industry in Kansas City, Missouri, and vicinity.

It is there further alleged that, at the time of the issuance of the injunctive restraining order, the situation and the status regarding the respondents were so serious and dangerous that notice for the application for a temporary injunction was not required to be given; that the restraining order issued was within the sound discretion of the court; and that the serving of notice at the time it was granted would have given the relators further opportunity and time to carry out their unlawful warfare in the destruction of respondents' property.

It is there further alleged that, since the issuance of the provisional writ, the relators have continued unlawfully to destroy the property of respondents and of others; that relators do not come into court in this cause with clean hands; that they have no claim or right to the milk produced by these respondents and are continually seizing such

milk and destroying the same and preventing the delivery thereof by those respondents to their respective customers.

It is there further alleged that prohibition is not relators' only remedy, but that they could have filed in and presented to Judge Brown Harris' court a motion for an application to set aside the restraining order and thereby have been given an opportunity for a prompt hearing; that they still have such right; and that each of relators was promptly and duly served in the injunction suit with summons to appear in the court of Judge Brown Harris at the September term, 1934, thereof to answer said injunction.

In said return, respondents pray the court to dismiss the petition of relators for prohibition and to deny the permanent writ and for such further orders as to the court might seem just and proper.

## OPINION.

At the threshold of this case, we are met with respondents' motion for the quashal of the provisional writ and the dismissal of relators' petition.

It is contended by the relators that the motion is, in effect, a demurrer to the petition and the provisional writ, going to the jurisdiction of the court to entertain the petition and issue the writ and that the respondents, in filing the same, have abandoned and waived the return and can no longer stand thereon but must stand or fall upon their motion.

The motion is labeled a motion to quash the preliminary rule and to dismiss the petition for the writ; but an examination thereof reveals that it does not go to the point of challenging the original jurisdiction of this court to entertain the petition or to issue the preliminary rule or provisional writ nor to the sufficiency of the allegations of the provisional writ or the petition therefor. It seeks the quashal of the writ and the dismissal of the petition therefor for the sole reason, set out in the motion, that relators have failed to comply with the rules of this court in making the brief upon this hearing.

Demurrers and motions of such character are required to specify the grounds upon which they are based. [Wampler v. Atchison, Topeka & Santa Fe Ry. Co., 269 Mo. 464; 42 C. J. 482.] And the grounds so specified are the only grounds to be considered. (Same authorities, supra.)

The motion under consideration must therefore be regarded as a motion to dismiss the cause for the reason that relators have lost their right to proceed upon the final hearing for the permanent writ by reason of their failure to comply with the rules of the court; and it is not to be regarded as a motion going to the jurisdiction of the court or a demurrer to the allegations of the petition for the pro-

visional writ. The matters upon which the motion is based all arose subsequently to the assumption of jurisdiction by this court.

We have carefully read the brief of relators in connection with the complaint made thereof by respondents in their motion, and we fail to find that any of such complaints is well made. This being an original proceeding in this court, in the nature of things, there is no place for an assignment of errors; and, indeed, it is not insisted by respondents that there should have been any assignment of errors. The statement of the case, as made therein by relators, seems to be a clear and concise statement without argument or reference to issues of law and is sufficient to advise the court fully as to the case in the record and the issues therein involved upon which the cause must be finally determined. The merits of the petition of respondents, other than respondent the Honorable BROWN HARRIS, upon which the order for injunctive relief complained of in relators' petition in this cause was obtained, is not for consideration in this proceeding; and it was not, therefore, necessary that relators, in making a statement of the case, should have set out the particulars of said controversy or presented a statement of the facts involved therein as set out in the petition for the injunction. In its final analysis, the question in this case is whether or not the respondent the Honorable BROWN HARRIS, as judge of the Circuit Court of Jackson County, Missouri, and of division number 4 thereof, exceeded his jurisdiction in granting the order complained of in restraining judicial proceedings without notice to relators herein and whether or not in acting for the enforcement of said order he is acting in excess of his jurisdiction. The statement fully presents such question together with all matters in the record necessary for its determination.

Such statement is followed by a statement of the points in numerical order, upon which the relators rely for the issuance of the writ in this case, together with a citation of authorities under each point relied upon. The statement of the points relied upon is followed by a brief argument under each of said points in which relators show the materiality of such points and their justification for advancing the same. The points are so made as to speak for themselves without further explanation or interpretation. The respondents' motion to dismiss the case upon such grounds is therefore overruled.

■ With this motion thus disposed of, the case now stands for consideration upon relators' motion for judgment upon the pleadings— the pleadings being relators' petition, the provisional writ issued thereunder, and the return of the respondents. [Section 1613, Revised Statutes 1929.]

Relators' action for judgment on the pleadings is to be regarded as a motion for the issuance of the permanent writ, notwithstanding

the return of the respondents, and therefore admits the truth of all of the allegations of the return where sufficiently pleaded. [State ex rel. Wagner v. Fields et al., 218 Mo. App. 155, l. c. 165, 263 S. W. 853; State ex rel. Clark v. Smith, 104 Mo. 661, 666, 16 S. W. 503; State ex rel. Wheeler v. Adams, 161 Mo. 349, 362, 61 S. W. 894; State ex rel. Gumperts v. Higgins, 84 Mo. App. 531, 534; State ex rel. Warde v. McQuillin, 162 Mo. 256, 171 S. W. 72.]

However, the return is the answer; and, under the rules of good pleading, the respondents are obliged either to deny or to confess and avoid every material allegation in the writ and in relators' petition therefor. [St. Louis Gas-Light Co. v. St. Louis, 11 Mo. App. 55, l. c. 61; State ex rel. Frank v. Porterfield, 221 Mo. App. 847, 285 S. W. 786.] And, upon a motion for judgment upon the pleadings, every allegation of relators' petition which is not denied by the return or confessed and avoided therein is to be taken as true for the purposes of such motion.

■ How then stands the record? An examination of the return shows that respondents therein admitted as true certain allegations of relators' petition and, after making such admissions, without any denial of the other allegations of the petition or a confession and avoidance thereof, proceeded to set up certain defenses by which, generally speaking, they attack sections 12449 to 12455 inclusive, Revised Statutes 1929, the laws of Missouri governing the use of milk bottles, and the ordinances of Kansas City prohibiting the use of bottles having the brand of other distributors by others than the owners thereof, especially section 867, Article 5 of Chapter 12 of such ordinances, as unconstitutional, null, and void and as an attempt to deprive respondents of their lawful property rights without due process of law and as being special class legislation. Respondents set up therein that relators, by virtue of the prohibition proceedings herein, are violating the Constitution of the State of Missouri and the Fourteenth Amendment to the Constitution of the United States which give the right of contract; that the relators here, through certain alleged replevin suits and writs thereunder (which writs are alleged to be void) have, with malice, unlawfully, wilfully, and wrongfully taken the milk of each of the respondents (other than the respondent the Honorable BROWN HARRIS) without authority or right so to do and have thereby caused irreparable loss to respondents and that they were continuing so to do; that both of said relators are wholly insolvent and are organized solely for the purpose of unlawful competition and for the destruction of the raw milk industry in Kansas City, Missouri; that, at the time of the issuance of the injunctive restraining order, the situation and the status of respondents were so seriously endangered as not to require any notice of the ap-

plication for the temporary injunction or restraining order and the issuance of such was within the sound discretion of the court; that to have served notice at the time would have given the relators further opportunity to carry on their unlawful competitive warfare and destruction of the property of the respondents.

The return generally charged that relators, since the issuance of the injunctive writ against them, were continuing with the unlawful destruction of the property of the respondents and with acts in violation of such order; that the relators have no claim or right to respondents' milk but are continually seizing the same, destroying the same, and preventing the respondents from delivering the milk to their respective customers; that relators do not come into court in this proceeding with clean hands; that the writ of prohibition is not relators' only remedy; that each of them could have filed and presented to Judge Brown Harris an application to set aside the restraining order and to give them an opportunity to be heard promptly and relators still have such right; that the relators have each been served with summons in the injunction suit before respondent the Honorable Brown Harris and were required to appear in his court at the September term, 1934, to answer said injunction.

It prayed the court to dismiss relators' petition and to deny the writ and for such further orders as to the court might seem just and proper.

The relators in their petition, among other things, allege in substance that the respondent the Honorable Brown Harris is and was at all times mentioned the duly elected, qualified, and acting and presiding judge of the Circuit Court of Jackson County, Missouri, and of division number 4 thereof; that the respondents, other than the respondent the Honorable Brown Harris, by their petition filed in the Circuit Court of Jackson County in cause Number 434011, sought injunctive relief restraining relators from, among other things, prosecuting certain replevin suits pending in a justice court and from instituting other proceedings for the recovery of bottles and from entering upon trucks belonging to them and from taking or demanding bottles; that the said respondent the Honorable Brown Harris, having assigned said cause as assignment judge of the said Circuit Court of Jackson County to division number 4 of said court, of which he was judge, forthwith, without any notice to relators of any nature whatsoever and without the knowledge of relators and without any hearing of testimony and solely upon the allegations of the petition, entered an order in said cause restraining and enjoining relators from prosecuting the pending replevin suits and from instituting further proceedings of that character and from the performance of certain other specified acts, all as particularly appear

set out in a copy of the restraining order marked "Exhibit B" and attached to and made a part of the petition; that the acts of the respondent the Honorable BROWN HARRIS in issuing said order so restraining relators from the prosecution of judicial proceedings and acts thereunder without notice to relators and in threatening to enforce said order are and were in excess of his jurisdiction, power, and authority as judge of said court, in that such acts were and are prohibited by the provisions of section 1502 of the Revised Statutes of Missouri, 1929; that both relators are residents of the State of Missouri and were not, at the time the suit was filed, concealing themselves or avoiding process; that no facts existing justifying the issuance of said order without prior notice and hearing, as an imperative necessity, were alleged in respondents' petition for such injunctive relief and no irreparable damage could or would have resulted to the respondents if notice had been given to relators as required by law.

It is further alleged in relators' petition that the value of the businesses of relators affected by said order and its enforcement was vastly in excess of $1000 each; that relators had no adequate, effective, or efficient remedy at law or otherwise against said order and its enforcement, unless this court intervened by its writ of prohibition; and that relators were organized under the laws of the State of Missouri with their principal places of business at Kansas City, where both were engaged, among other things, in acting as clearing houses for the exchange of milk bottles used by various distributors and producer-distributors in delivering milk to their customers in and about Kansas City, Missouri, in order to provide a method whereby all of said distributors might comply with the laws of the State, sections 12449-12455 inclusive, Revised Statutes 1929, prohibiting the use of milk bottles having registered brands by others than the owners thereof, and Ordinance 56134 of Kansas City, Missouri, particularly section 867, Article 5 of Chapter 12 thereof, and in order that each distributor might respect the property rights of the other distributors in the bottles bearing their various brands or marks. It further alleges that the respondent the Honorable BROWN HARRIS was maintaining said restraining order in force and was threatening to enforce the same and would do so unless prohibited from so doing by the writ of this court.

It thus appears that the facts alleged by relators in their petition are to be taken as the true facts upon the relators' motion herein and that, if such facts alleged therein are sufficient to state a cause of action for the writ sought, judgment should be had thereon for relators for such writ, unless precluded as a matter of law by some new matter in avoidance alleged in the return. The alleged new matter in the return will be first disposed of.

■ The contention by respondents that sections 12449 to 12455 inclusive, Revised Statutes of 1929 of the laws of Missouri, and Article 5, Chapter 12 of the ordinances of Kansas City, Missouri, and particularly section 867 thereof, are unconstitutional and void is a question which we are not here called upon to determine. Such question is for the circuit court in the injunction proceeding pending therein, if it otherwise has jurisdiction. [State ex rel. Chase v. Hall, 297 Mo. 594, l. c. 600, 250 S. W. 64.]

■ It is contended by respondents that it is admitted by relators that relators are insolvent corporations organized for the sole purpose of aiding in a scheme to destroy the competitive milk business in Kansas City, for the reason that relators have not denied an allegation to such effect in respondents' return. It appears, however, that relators in their petition charge facts showing their solvency and also showing that the business in which they were engaged was legitimate business. The charge in respondents' return to the contrary, under the rules of good pleading, is not to be considered as a denial of the allegation of relators' petition nor a confession or an avoidance thereof. [State ex rel. Wheeler v. Adams, supra; State ex rel. Frank v. Porterfield, supra.] The allegations therefore of solvency by relators in their petition and of the legitimacy of their businesses are not to be avoided by the charges of insolvency and unfair business methods set up by respondents in their return.

■ Likewise, the charge in the return that, by the proceedings here for prohibition, the relators are violating the Constitution of the State of Missouri and the Fourteenth Amendment of the Constitution of the United States in voiding the rights of citizens of the liberty to contract in the sale of their milk bottles is not a matter to be determined by us here, but by the court in which the injunction proceeding is pending, if it otherwise has jurisdiction.

■ Likewise, the charge in the return that the relators have unlawfully taken milk from respondents (other than the respondent the Honorable BROWN HARRIS) without authority or right and are continuing to do so under void replevin writs issued in certain alleged replevin suits is not a matter for our consideration in this proceeding. The only matter with which this court is concerned in this proceeding is whether the respondent the Honorable BROWN HARRIS acted in excess of his authority and whether he is threatening to continue so to do in the injunctive order complained of. We are not trying the injunctive suit upon its merits.

■ It is contended by respondents in their return that the relators should have made application to respondent the Honorable BROWN HARRIS to set aside the restraining order before suing out a writ of prohibition in this proceeding. In other words, they contend that,

where no motion to dissolve the restraining order or temporary injunction is made, prohibition will not lie. Such is the rule. However, an exception to such rule is recognized in instances where the lack or excess of jurisdiction is apparent upon the face of the record. [State ex rel. Brncic v. Huck, 296 Mo. 374, l. c. 382-3, 246 S. W. 303, l. c. 305; State ex rel. American Lead & Baryta Co. v. Dearing, 184 Mo. 647, l. c. 665, 84 S. W. 21, l. c. 26; State ex rel. Young v. Oliver, 163 Mo. 679, l. c. 696, 64 S. W. 128, l. c. 133; State ex rel. St. Louis & Kirkwood R. R. Co. v. Hirzel, 137 Mo. 435, l. c. 448, 37 S. W. 921, 38 S. W. 961; State ex rel. Anheuser-Busch Brewing Ass'n v. Eby, 170 Mo. 497, l. c. 521, 71 S. W. 52, l. c. 60.]'

In State ex rel. American Lead & Baryta Co. v. Dearing, supra, the court said:

"But it is said that no application was made to the judge to vacate the order appointing the receiver, and therefore the preliminary rule in this case should be discharged: The excess of jurisdiction clearly appears upon the face of the record, and there was no necessity, therefore, to suggest that fact to the trial court before applying for a prohibition from this court. [State ex rel. v. Oliver, 163 Mo. l. c. 696, 64 S. W. 128; State ex rel. v. Hirzel, 137 Mo. 435, 37 S. W. 921, 38 S. W. 961; State ex rel. v. Eby, 170 Mo. 497, 71 S. W. 52.]"

As in the case of State ex rel. American Lead & Baryta Co. v. Dearing, supra, the defect of jurisdiction in the instant case is apparent upon the face of the record in that it fails to show notice prior to the granting of the temporary injunction.

State ex rel. American Lead & Baryta Co. et al. v. Dearing, supra, was a proceeding to prohibit the enforcement of an order appointing a receiver, on the ground that there had been no notice or hearing prior to the making of the order. The Missouri Supreme Court pointed out that the record failed to show notice, and said that therefore "the excess of jurisdiction clearly appears upon the face of the record."

It was said in State ex rel. Caron v. Dearing, 291 Mo. 169, l. c. 177, 236 S. W. 629, l. c. 630, that "the granting of injunctions and the appointment of receivers are analogous proceedings."

█ Respondents contend that the injunction suit before the respondent the Honorable BROWN HARRIS was not a suit to stay judicial proceedings. However, respondents, in their petition for injunction, described four suits which were then pending before Louis J. Mazuch, a justice of the peace of Jackson County, and asked that relators be restrained from prosecuting such suits and from instituting or prosecuting other suits of a similar character. The restraining order complained of, made upon said petition, specifically restrained relators from prosecuting the suits described as pending before Louis J.

Mazuch, justice of the peace aforesaid, or from instituting other suits of a similar character.

Respondents contend again that the restraining order restrained only the prosecution of unlawful suits. However, an examination of the order does not bear out such contention. There was no such qualification in said order. It restrained any and all suits.

Respondents contend again that they are being deprived of bottles without any hope of recompense. This is a mere statement of a conclusion, unaccompanied by a statement of any facts upon which any such conclusion might be founded and is therefore not good pleading; and, further, it is not a matter for our consideration herein, even if true.

Respondents further complain of the acts of the relators subsequent to the issuance of the restraining order by respondent Judge BROWN HARRIS, alleging that relators were committing acts in violation of such order and hence do not come into court with clean hands. However, if such facts be true, it is not seen how they affect relators' right to the writ of prohibition herein, based upon the facts and contentions alleged in their petition at the time it was filed.

Respondents aver further that relators have no claim or right to the milk of respondents which was and is being seized by them nor any right to destroy the same or to prevent these respondents from delivering their milk to their respective customers. In other words, we are asked to try the injunction suit which we cannot do. We are concerned only with the question of excess jurisdiction. There is nothing in any of the averments of the return by which the allegations of relators' petition are defeated or avoided.

It thus appears from such examination and analysis of the pleadings herein that the sole issue involved is whether or not respondent the Honorable BROWN HARRIS as judge of the Circuit Court of Jackson County, Missouri, acted in excess of his jurisdiction and in excess of the jurisdiction of the circuit court in issuing the injunctive or restraining order complained of without any notice having been given the relators of the application therefor. That he did make such order without notice is charged in relators' petition and expressly admitted by respondents in their return. The respondents in their brief say that the sole issues here relate to the question whether notice was required and whether Judge BROWN HARRIS had the right to exercise his discretion, upon the admitted facts, to issue a restraining order, upon the giving of bond by respondents, without prior notice to relators of the application for such order. However, it is not seen that there is any open question as to whether notice was required; nor can it be seen how the question of the right of re-

spondent Judge BROWN HARRIS to act upon his discretion in making such order without said notice having been given enters into the case, as one of the questions involved. The only question involved, as we see it, is whether respondent the Honorable BROWN HARRIS had any jurisdiction whatever to make an order without notice having been given to relators.

It is contended by respondents that courts of equity have inherent jurisdiction to issue injunctions and restraining orders in all cases and in their discretion to dispense with notice of the application therefor, even though notice be required by statute, if, in their opinion, the giving of such notice would defeat the purposes of the action.

However, we do not regard such to be a true statement of the rule. It is perhaps true that, in any and all cases other than those in which it is sought to stay judicial proceedings, it is within the sound discretion of the court to require or to dispense with notice accordingly as it may consider that such notice should be required or, by reason of peculiar facts existing and shown him, should be dispensed with. [State ex rel. McMillan v. Woodside, 254 Mo. 580, l. c. 591 and 592, 163 S. W. 845.] There are numerous authorities which, in fact, indicate that, in all cases other than those to restrain the prosecution of judicial proceedings or to stay them, the rule is that notice of the application therefor should be given unless the court or the judge thereof issuing such injunction shall, in the exercise of discretion, find from peculiar facts surrounding the case that the giving of such notice would defeat the purposes of the action. It has never been held, however, so far as called to our attention, that, in cases where the statutory law provides that before an injunction may issue to stay any proceedings the applicant shall give reasonable notice thereof in writing to the adverse parties, such notice can, in the discretion of the court or judge thereof, be dispensed with. It is not indicated by sections 1502 or 1517, Revised Statutes 1929, that they may, but to the contrary.

It is clear, in such cases, whatever rule might prevail in equity or whatever equitable power the court might have as a general proposition in proceedings for injunction, in the absence of a statute requiring notice, such rule does not obtain nor does such power longer inhere in a court or the judge thereof to grant an injunction without notice where a statute has been enacted and remains in force providing that notice must be given first.

In the case of State ex rel. McMillan v. Woodside, supra, which was a proceeding in prohibition, the Supreme Court of Missouri, through Judge BOND, said:

"The statute of this State provides that before the issuance of an

injunction to stay 'any proceedings' 'reasonable notice in writing' by the applicant shall be given to the adverse party or his agent in this State or if neither is within the State, by putting up such notice for ten days in the office of the clerk of the circuit court where the suit is filed. [R. S. 1909, secs. 2517, 2518.]''

The same two sections appear as 1502 and 1503 in the Revision of 1929, and were in force at the time the restraining order was granted in this case.

The statute section 1502, specially pleaded and relied upon by relators in their petition herein, is as follows:

''Before injunction shall be granted to stay any proceedings, the applicant shall give reasonable notice in writing to the adverse party if within the State or to his known agent or attorney if he has any in the State.''

Such statute thus cuts out the jurisdiction of the court to issue such a restraining order without the notice required by its terms first having been given relators; and there is no place left for the exercise of discretion in the matter by the judge. His jurisdiction is limited and determined by the statute; and any act in the making and granting of such an order is in excess of his jurisdiction, as clearly limited by the statute.

■ Likewise, section 1517, Revised Statutes 1929, giving courts and the judges thereof the right to issue temporary restraining orders until notice may be given and a hearing may be had, expressly excepts from its operation all cases wherein notice in the first instance of the application for injunction is required by statute to be given.

■ Likewise, any act looking to the enforcement of such order, after its having been made, is clearly in excess of the jurisdiction of the court. Lack of jurisdiction in the instant case fully appears from the character of the proceeding and the absence from the record of any showing that notice thereof was given, as required by the statute. [State ex rel. American Lead & Baryta Co. v. Dearing, supra.]

■ Even if this had been a case in which no notice was required by the statute, respondents in their petition for injunction stated no grounds whatever to justify the court in dispensing with the notice required by general equitable principles in the absence of facts upon which its discretion might be exercised and notice dispensed with, such as that the relators had concealed or were about to conceal themselves so as to avoid the service of process or to remove from the State or do some other act by which the purposes of the application for the writ would be defeated. The respondents averred in their return herein, that ''at the time of the issuance of the injunctive order by the respondent Judge BROWN HARRIS the situation and the status regarding these respondents were so serious and dangerous as

not to require any notice'' of the application for temporary injunction and that therefore such restraining order, without notice, was within the sound discretion of the court; that the service of such notice would have given relators further opportunity for their unlawful competitive warfare, etc.

The facts are not set out through which or by reason of which such status was so rendered, other than the general facts alleged for the injunctive relief, from which it does not appear that relators could have committed any more of the acts complained of after having been notified than they could without such notice. Not only so, but, if respondents' injunction case was one in which such rule might be applied, the place where the allegations with respect to such menacing condition and the reasons for dispensing with notice should have been made was in the petition for injunction. It comes, at any and all events, too late in the return in this proceeding. Besides all that, there is no place for such a plea in a case where an injunction is sought to stay judicial proceedings in the face of a statute which forbids its issuance without notice.

■ Whether the relators' petition upon the facts alleged therein—which facts we are, under the state of the pleadings in the record, required to consider as the true facts in the cause—sufficiently states a cause of action for the relief sought and for the issuance of the permanent writ is the question determinative of this case. It follows, from what has been said herein, that it does.

■ It follows that relators' motion for judgment upon the pleadings is well made and should be and is sustained and that the permanent writ should be ordered as prayed for by relators, prohibiting the respondent the Honorable BROWN HARRIS as Judge of the Circuit Court of Jackson County and of division 4 thereof from maintaining in force and effect and proceeding with the enforcement of the restraining or injunctive order complained of in relators' petition. It is accordingly ordered that a permanent writ of prohibition be issued permanently prohibiting the Honorable BROWN HARRIS as presiding judge of the Circuit Court of Jackson County, Missouri, and as judge of division number 4 thereof from in any manner exercising or attempting to exercise a jurisdiction to maintain in force and effect the injunction or restraining order entered by him on July 14, 1934, as judge of the Circuit Court of Jackson County and of division 4 thereof against the relators herein in cause pending before him in said court, numbered 434011, wherein one O. W. Johnson doing business as Maple Leaf Dairy, W. S. Davis doing business as Maple Lawn Dairy, H. R. Keltner doing business as South Side Dairy and others were plaintiffs and these relators Kansas City Exchange Company, a corporation, and Independent Dairies, Inc., a corporation, were

defendants, whereby he restrained relators·from the doing of certain acts in said order described and set out, and that he be permanently restrained and prohibited from taking any·further steps or proceedings touching the premises in the proceedings in which said order was made. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The motion for judgment on the pleadings is sustained and the permanent writ prohibiting the maintenance in force and effect and the enforcement of the injunction complained of is ordered. All concur.