(No. 5524.   July 12, 1930.)

MOUNTAIN STATES POWER COMPANY, a Corporation, Respondent, v. CITY OF SANDPOINT, a Municipal Corporation, et al., Appellants.

[290 Pac. 400.]

Allen P. Asher and Ezra R. Whitla, for Appellants.

E. W. Wheelan, for Respondent.

BUDGE, J.—The plaintiff is a corporation and taxpayer within the City of Sandpoint, Bonner county. By its complaint against the city and certain officials thereof in this action it was alleged, among other things, that at a city election a bond issue was authorized for the purpose of construction of a municipal power plant, but that no part of

the bonds have been issued and the city has no funds in its possession or under its control from the authorized bond issue; that notwithstanding the authorization of the issuance of bonds for the purpose mentioned, a levy of four mills has been made on taxable property within the city for the purpose of raising a sum with which to pay for a proposed site to be used in connection with the development of electrical energy; that though the city has no funds properly applicable to the payment of such sum, it intends to appropriate the same from other funds in its possession and will wrongfully pay it unless restrained and enjoined; and that, in case such payment is made from funds of the city wrongfully diverted, it could not be recovered, and plaintiff and other taxpayers of the city would suffer irreparable injury and damage and that they have no plain, speedy or adequate remedy at law. The complaint further alleges the levy of four mills for power site purposes, as aforesaid, would be a levy for general expenses; that the city had already exceeded its limit of levies for general purposes, and all of said levies over ten mills are void and should be canceled.

Upon the filing of the complaint, and without notice to the defendant city, the court issued an injunction, after the filing of an undertaking, in the following language:

"Now, therefore, in consideration thereof, and of the particular matters in said complaint set forth, we do strictly command that you, the said defendants, the City of Sandpoint, H. E. Brown, Mayor of the City of Sandpoint, Frank H. Strong, Clerk of the City of Sandpoint and A. K. Bowden, Treasurer of the City of Sandpoint and each and every one of your servants, agents, representatives and employees, until the further order of the Court, absolutely desist and refrain from issuing any warrant of the defendant City of Sandpoint, in favor of any person and also for the payment of any funds of the City of Sandpoint derived from any source whatever to John E. Schaefer for the purchase of water rights, power rights or power site or any purpose what-

ever in connection with or under the terms and provisions of that certain contract heretofore entered into between the City of Sandpoint and the said John E. Schaefer, until the further order of the Court."

This appeal is from an order denying a motion to dissolve the foregoing injunction.

The injunction issued is broad and sweeping in its terms. It will be observed that it absolutely enjoins the City of Sandpoint from issuing any warrant of the city in favor of any person, and further enjoins the city from the payment of any funds derived from any source whatever (which would include proceeds from the sale of bonds theretofore authorized) for the purpose of acquiring water rights, power rights or power site. We cannot ignore the plain and unambiguous language used in the injunction.

The injunction was issued at Sandpoint, the parties to the action resided there, and service could readily have been made upon the municipal authorities either of the application for the injunction or an order to show cause why it should not issue, and a hearing had. The matter involved was of vital importance to the inhabitants of the municipality. The following rule, found in *Roberts v. Kartzke,* 18 Ida. 552, 111 Pac. 1, has application in such circumstances:

"The judge or court should not grant a temporary restraining order upon the verified complaint alone in an action of great public importance where the party to be affected thereby can be readily notified, except in case of extreme emergency, as a hasty and improvident granting of temporary injunctions, without notice, is not in accord with the fair and orderly administration of justice."

C. S., sec. 6774, provides:

"An injunction to suspend the general and ordinary business of a corporation cannot be granted except by the court or judge thereof; nor can it be granted without due notice of the application therefor to the proper officers or agent of the corporation, except when the people of this state are a party to the proceeding."

The language used in the injunction suspended the general and ordinary business of the municipality. The trial judge may have intended only to enjoin the municipality from making payments under the contract entered into between the city and Schaefer with reference to the water rights and power site, but such intention is not so limited in the language used.

If it was error to issue the injunction upon the complaint alone, *ex parte,* without notice, the city was not required to support its motion for dissolution by a showing of the regularity of the proceedings in the matter of making various levies; the presumption being that the levies made by the city were legal and that all statutory requirements had been complied with.

The motion to dissolve the injunction should have been granted and the order denying such motion is therefore reversed. Costs to appellants.

Givens, C. J., Varian and Lee, JJ., and Johnson, District Judge, concur.