JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY
*et al. v.* BASKIN *et al.*

No. 10095.   JUNE 15, 1934.   REHEARING DENIED JULY 13, 1934.

*C. L. Smith* and *Wilcox, Connell & Wilcox,* for plaintiffs in error.
*I. H. Corbitt* and *H. C. Morgan,* contra.

HUTCHESON, J.   James B. Baskin and Armstrong B. Baskin brought an equitable petition in which they prayed for an order restraining and enjoining the John Hancock Mutual Life Insurance Company, a non-resident of the State of Georgia, from selling certain real estate in Lanier County under a power of sale contained in a security deed previously executed by them to said company, the property having been duly advertised for sale before the court-house door of said county.   They prayed also that the court designate the manner in which service of the petition and order thereon should be perfected.   The court granted a temporary restraining order, and therein provided that "service of the foregoing petition and of this order be perfected on the defendant by the

clerk of the superior court of Lanier County, Georgia, registering to said defendant at its home office copies thereof in an envelope properly stamped and addressed to it at its home office, with a request for a return receipt therefor," and that "copies thereof be by the sheriff of Lanier County, Georgia, served upon such attorney or agent of defendant as shall appear at Lakeland, Georgia, on the 30th day of October, 1933, for the purpose of selling said lands, and that such service be made in time to prevent the sale of said lands." Upon the date mentioned, C. L. Smith, a resident of Lowndes County, Georgia, acting as attorney and agent for the defendant, appeared for the purpose of conducting said sale, and was served by the sheriff of Lanier County with a copy of said petition, process, and order thereon. Smith, however, proceeded to conduct the sale, and sold the land so advertised. On November 6, 1933, the petitioners filed an ancillary petition in which they prayed that a rule issue requiring the John Hancock Mutual Life Insurance Company and C. L. Smith to show cause why they should not be adjudged in contempt of court, and why the status of title to said property should not be restored. C. L. Smith filed a plea to the jurisdiction, a demurrer, and an answer. When the cause came on for hearing, the court ruled that the plea to the jurisdiction was a plea to the original proceeding, and had no connection with the attachment proceeding, and disallowed the plea. The court further passed an order overruling the demurrer of Smith, and upon a hearing adjudged him in contempt of court, and passed sentence accordingly. To this ruling the plaintiffs in error excepted.

■ The Code section quoted in the first headnote needs no elaboration, as it is a well-settled principle of law. The advertising for sale of lands under the power contained in a security deed is not such a proceeding as will, under this section, authorize the superior court of a county wherein the land is located to grant an injunction where the grantee in such deed does not reside within that county. *Babson* v. *McEachin,* 147 *Ga.* 143 (3) (93 S. E. 292) ; *Meeks* v. *Roan,* 117 *Ga.* 865 (45 S. E. 252).

■ The courts of this State can not exercise extraterritorial jurisdiction, and citizens of other States are not amenable to their process without their consent. Even though the petition in the instant case prayed for an order directing how service could be perfected on a non-resident corporation, the law prescribes how such

service should be perfected, and the mere forwarding by registered mail of a copy of the petition, process, and order did not subject the non-resident defendant to the jurisdiction of the court. *Coral Gables Corporation* v. *Hamilton,* 168 *Ga.* 182 (10) (147 S. E. 494).

■ The petition alleges that the defendant named therein is a non-resident corporation, and in the ancillary petition it is shown that the other defendant, Smith, is a resident of a county different from that in which the petition was filed. In view of this, the court did not acquire jurisdiction of either of the defendants, and the preliminary and final orders passed were void. See 13 C. J. 13-14; Civil Code (1910), § 6540. It necessarily follows that, where the order of said court was void in itself, the defendants could not be adjudged in contempt of court for refusal to take cognizance of or obey the mandates of the order. 113 U. S. 713 (5 Sup. Ct. 724(28 L. ed. 1117); 124 U. S. 200, 8 Sup. Ct. 482, 31 L. ed. 402); 205 Fed. 857; 13 C. J. 13, and cit.

■ It appearing from the pleadings that the court of Lanier County had no jurisdiction and that C. L. Smith was a resident of Lowndes County and was acting only as agent and attorney for the sale of this particular tract of land, the action of said attorney was not a contempt of court. The court erred in disallowing the plea to the jurisdiction, and in overruling the demurrer to the petition.

*Judgment reversed. All the Justices concur.*