180 P.2d 237

WILLIAMS, Governor, et al. v. KOELSCH, District Judge.

No. 7347.

Supreme Court of Idaho.
April 30, 1947.

R. W. Beckwith, of Boise, for plaintiffs.

Ralph R. Breshears, of Boise, for defendant.

PORTER, District Judge.

During the month of August, 1944, the officers of the Bank of Teton Valley, at Driggs, Idaho, and the officers of The Yellowstone Banking Company, at Ashton, Idaho, filed an application with the Commissioner of Finance for a permit authorizing: (a) The merger of The Yellowstone Banking Company with the Bank of Teton Valley; (b) the amendment of the Articles of Incorporation of the Bank of Teton Valley by changing its name to The Yellowstone Bank, increasing its capital stock and changing its place of business

from Teton, Idaho, to Rexburg, Idaho; (c) and the establishment of branch banks at Driggs, Idaho, and at Ashton, Idaho. Their application was denied by the then Commissioner of Finance, G. L. Jenkins, in September, 1944. In January, 1945, the application was renewed and was again denied by J. B. Newport as Commissioner of Finance. November 22, 1946, such application was again renewed and additional supporting instruments filed. December 16, 1946, after some vacillation, the Commissioner of Finance again denied the application. He was thereafter requested by Governor Arnold Williams to reconsider his denial of the application, and tendered his resignation December 24, 1946, rather than take further action in the matter.

The resignation of Commissioner Newport was accepted December 28, 1946, by Governor Williams at the hour of 9:15 o'clock A.M. At the hour of 11:00 o'clock A.M., the Governor was served with the restraining order hereinafter described. Thereafter, during the day of December 28, 1946, the Governor appointed William J. Sewell to be Commissioner of Finance of the State of Idaho for the period between December 28, 1946, and January 6, 1947. William J. Sewell duly qualified as Commissioner of Finance December 30, 1946, and on the same day approved the application in question and issued the requested permit.

December 28, 1946, a suit was filed in the District Court of the Third Judicial District, for Ada County, entitled Lloyd Adams and First Security Bank of Idaho, National Association, a corporation, Plaintiffs, v. Arnold Williams, as Governor of the State of Idaho, and John Doe as Commissioner of Finance of the State of Idaho, defendants.

The complaint alleged generally the steps theretofore taken with reference to such application for permit and alleged that the documents and instruments filed in connection with such application were defective, incomplete and insufficient in a number of particulars set out in the complaint. The complaint prayed for a permanent injunction against the granting of such permit; for an order to show cause; and that, pending the hearing on the order to show cause a restraining order be issued restraining the defendants therein from approving the application and granting such permit. Upon motion of such plaintiffs, the defendant herein, Charles F. Koelsch, as District Judge, December 28, 1946, issued an order to show cause and restraining order, requiring the defendants in such action to show cause, January 4, 1947, why a temporary injunction should not issue in accordance with plaintiffs' motion, and in the meantime and until a hearing could be had on such order to show cause, restraining said defendants from granting such application for permit. This order to show cause and restraining order was duly served upon Governor Williams December 28, 1946, at a time when there was no Com-

missioner of Finance of the State of Idaho, and was not served upon William J. Sewell.

December 30, 1946, a supplemental complaint was filed making the officers of the banks in question additional parties defendant. December 31, 1946, upon motion, an order was made substituting the name of William J. Sewell as Commissioner of Finance of the State of Idaho for the name of John Doe as party defendant. On the same day an order to show cause issued by Charles F. Koelsch, as District Judge, upon motion of such plaintiffs based on the affidavit of Ralph R. Breshears, attorney for plaintiffs, requiring Arnold Williams, as Governor of Idaho, and William J. Sewell, as Commissioner of Finance of the State of Idaho, to show cause, January 4, 1947, before the court, why they should not be punished for contempt of court for disobeying the restraining order issued December 28, 1946.

January 3, 1947, the plaintiffs herein, Arnold Williams, Governor of the State of Idaho, and William J. Sewell, Commissioner of Finance of the State of Idaho, filed an application in this court for a writ of prohibition, praying that the defendant herein, Charles F. Koelsch, District Judge, be permanently prohibited from taking any further action upon either of the described orders to show cause and that, in the meantime, an order to show cause issue and the defendant be so prohibited until a hearing could be had on such order. Pursuant to such application, an order was made by this court on such date requiring the defendant, Charles F. Koelsch, to show cause if any he had, January 10, 1947, why a writ of prohibition should not issue prohibiting him from taking any further proceedings on the two certain orders to show cause in question; and in the meantime restraining the defendant from proceeding in any manner whatsoever upon such orders until the further order of this court. The defendant duly filed his return January 10, 1947, setting forth the proceedings had in his court. Likewise, a motion to quash was filed by the defendant on the same day. With the consent of the court, additional affidavits were filed by both parties and, February 14, 1947, the plaintiffs filed a motion to quash the return of the defendant. The case was thereafter duly presented to the court by oral argument.

At the very outset of our consideration of this case, we are met by the fact that the restraining order of December 28, 1946, issued ex parte. No notice of any kind was given prior to its issuance. Section 6-408, I.C.A., provides as follows:

"Where a duty is imposed by statute upon a state officer or officers, and injunction to restrain him or them, or a person employed by him or them, from the performance of that duty, or to prevent the execution of the statute, shall not be granted, except by the district court, sitting in the county in which the officer or officers are located, or the duty is required to be per-

formed; and *upon notice of the application therefor* to the officer or officers, or other person to be restrained." (Italics supplied.)

It appears that, in acting upon the application in question, the Governor and his Commissioner of Finance were performing a duty imposed by statute. Section 65-2301, I.C.A., provides as follows:

"Gubernatorial responsibility—Administrative departments created.—The supreme executive power of the state is vested by the constitution, article 4, section 5, in the governor, who is expressly charged with the duty of seeing that the laws are faithfully executed. In order that he may exercise a portion of the authority so vested and in addition to the powers now conferred upon him by law, civil administrative departments are hereby created, through the instrumentality of which the governor is authorized to exercise the functions in this act assigned to each department, respectively."

One of the several administrative departments provided for by section 65-2302, I.C.A., is the Department of Finance. Among the officers created by section 65-2304, I.C.A., is the Commissioner of Finance. Section 65-2312, I.C.A., as amended by 1943 Session Laws, chap. 58, sec. 5, p. 123, provides for the appointment of such officers by the Governor.

Section 25-204, I.C.A., as amended by 1933 Session Laws (Ex.Sess.), chap. 10, sec. 3, p. 22, provides that any application to amend the articles of incorporation of a bank must be approved by the Commissioner of Finance. Likewise, section 25-301, I.C.A., provides that any consolidation of one bank with another bank must be with the consent of the Commissioner of Finance. Section 25-1001, I.C.A., as amended by 1935 Session Laws, chap. 109, p. 258, provides that branch banks may only be established with the approval of the Commissioner of Finance. Clearly it was the statutory duty of the Commissioner of Finance to pass upon the application in question and upon the request for reconsideration. His action involved the exercise of his discretion and was within the scope of his statutory authority.

The defendant apparently contends that, the Commissioner of Finance having denied the application, the matter was closed and the denial could not be revoked by a subsequent Commissioner of Finance. However, the application having been denied, and no rights having been obtained under the Commissioner's action, the application was subject to reconsideration upon request therefor. As hereinbefore set out, there had been several requests for reconsideration which had been acted upon by the department.

Section 6-406, I.C.A., provides as follows:

"Order to show cause.—If the court or judge deem it proper that the defendant, or any of several defendants, should be heard before granting the injunction, an order may be made requiring cause to be shown at a specified time and place, why the in-

junction should not be granted, and the defendant may, in the meantime, be restrained."

It was under this provision of the statutes that the restraining order in question was granted. The defendant takes the position that such restraining order is not an injunction as such term is used in said section 6-408, I.C.A. He cites us to Rowland v. Kellogg Power & Water Co., 40 Idaho 216, 233 P. 869, where a distinction is made between the functions of a restraining order and a temporary injunction. However, this case holds that a restraining order is a statutory injunction.

Section 6-401, I.C.A., defines an injunction as follows:

"An injunction is a writ or order requiring a person to refrain from a particular act. It may be granted by the court in which the action is brought, or by a judge thereof, and when made by a judge, it may be enforced as the order of the court."

It has long been well settled in this state that a permanent injunction, a temporary injunction, and a restraining order all fall within the statutory definition of an injunction. In MacWatters v. Stockslager, 29 Idaho 803, 162 P. 671, 672, the court used this language:

"The statutory definition of injunction is to be found in section 4287, Rev. Codes, [Sec. 6-401, I.C.A.] and is: 'An injunction is a writ or order requiring a person to refrain from a particular act.' The re-

straining order provided for in section 4292 [sec. 6-406, I.C.A.] seems to answer that description for its issuance is authorized in the following language: 'And the defendant may, in the meantime, be restrained.' It amounts to, and is, a temporary injunction."

See also Price v. Grice, 10 Idaho 443, 79 P. 387; Kimbley v. Adair, 32 Idaho 790, 189 P. 53; Rowland v. Kellogg Power, etc., Co., supra; Beach v. United States Fidelity, etc., Co., 54 Idaho 255, 30 P.2d 1079, 92 A.L.R. 264.

Section 6-407, I.C.A., immediately precedes and is a companion statute to section 6-408, I.C.A., here under consideration. Such section forbids the issuance of an injunction suspending the general and ordinary business of a corporation, without due notice of the application for injunction. This court has uniformly held that restraining orders and temporary injunctions contravening this section were erroneous and void. Wilson v. Boise City, 7 Idaho 69, 60 P. 84; Kimbley v. Adair, supra; Mountain States Power Co. v. City of Sandpoint, 49 Idaho 569, 290 P. 400.

Counsel for defendant makes the contention that the defendant had the inherent power to grant the restraining order without notice under the rule that, whenever the giving of notice will accelerate the injury, an injunction will be granted without notice. This rule may well apply where the judge is exercising his discretion, in determining whether or not to require notice

before issuing a temporary injunction. However, such rule cannot empower a court to disregard the positive provisions of a statute. Stein v. Morrison, 9 Idaho 426, 75 P. 246.

The failure to give notice, as provided by statute, renders the restraining order in question void and inoperative. The contempt proceedings predicated upon the void restraining order fall with the order. The alleged violation of such order did not constitute contempt of court and the defendant herein was without jurisdiction to cite and to punish the plaintiffs for contempt of court. MacWatters v. Stockslager, supra; Hay v. Hay, 40 Idaho 159, 171, 172, 232 P. 895. I do find the holding is to the contrary in the recent case in the Supreme Court of the United States entitled United States v. United Mine Workers of America, etc., 67 S.Ct. 677.

Counsel for both parties have ably briefed and presented a number of highly interesting questions in connection with these proceedings. However, since the foregoing disposes of the case, such additional questions will not be considered and determined in this opinion.

The writ of prohibition prayed for by plaintiffs will issue prohibiting the defendant from taking any further action whatsoever upon either the order to show cause and restraining order dated December 28, 1946, or the order to show cause citing the plaintiffs for contempt of court, dated December 31, 1946. No costs are awarded.

HOLDEN, Justice (specially concurring).

I concur in the foregoing construction of section 6-408, I.C.A., and in holding the restraining order dated December 28, 1946, amounted to a temporary injunction, and I also concur in the views expressed by Mr. Justice AILSHIE, immediately following. I further concur in holding the writ of prohibition prayed for by plaintiffs should issue, prohibiting defendant from taking further action whatsoever upon either the order to show cause and restraining order dated December 28, 1946, or the order to show cause citing plaintiffs for contempt of court, dated December 31, 1946.

I am authorized to say MILLER, and AILSHIE, JJ., and BUCKNER, D. J., concur.

AILSHIE, Justice (concurring in conclusion).

An examination of the majority opinions in the case of United States v. United Mine Workers of America, 67 S.Ct. 677, convinces me that the decision in that case has no application to the question involved here. The court was dealing with an Act of Congress and the powers of the courts thereunder. Here we are dealing with the exercise of the executive power and authority conferred by the constitution on the chief executive. Under the constitutional segregation of the powers of the government; the legislative, executive and judi-

cial; the court may well consider the legal effect of an executive act after it has been committed, but may not control the chief executive's discretion.

In Stein v. Morrison, 9 Idaho 426, 453, 75 P. 246, 255, we said:

"It seems to us that to keep within the spirit of our Constitution (article 2, § 1) and form of government which recognizes the independence and specific character of the 'three distinct departments' of government, that the judicial department could not attempt to prohibit either of the other departments from *acting* within the recognized scope of their respective branches of the government, but that, on the other hand, the legal effect of such action after it has been taken may be inquired into by the court."