[95 P.2d 100]
### BEDWELL v. BEDWELL.
### No. 7431.

Supreme Court of Idaho.

June 24, 1948.

Rehearing Denied Aug. 12, 1948.

J. Ward Arney, of Coeur d'Alene, for respondent.

T. P. Wormward, of Kellogg, for appellant.

HOLDEN, Justice.

In limine, is presented for determination, the application of plaintiff and appellant, Violet Bedwell, filed in this court April 23, 1948, for "$250 with which to pay her [appellant's] attorney to represent her in the appeal filed herein by her, and the necessary money with which to pay for her Brief in the Supreme Court and filing fee in the Supreme Court of $35.00".

The motion is supported by the affidavit of appellant from which it appears, so far as pertinent here: That she was without funds and unable to obtain funds with which to prosecute her appeal; that her attorney, therefore, loaned her $35 with which to pay a part of the costs on appeal, and, further, "That respondent is financially able to pay counsel fees, suit money and necessary for the presentation of said cause on appeal herein and has property or funds sufficient to enable him to pay such alimony by way of the expenses of this appeal and counsel fees necessary and expedient therefor, and that there is occasion herein for the exercise of such appellate jurisdiction, and that such allowance is necessary or proper to a complete exercise thereof the Court's jurisdiction and in order to enable her to present her defense".

It appears notice of appeal was served on counsel for respondent January 9, 1948, and filed with the clerk of the lower court January 13, 1948, and an undertaking on appeal given and filed on the said last mentioned day; that the record on appeal was filed with the clerk of this court March 1, 1948.

We have uniformly held this court will allow suit money on appeal in divorce suits when, as in the case at bar, it is necessary to the complete exercise of its appellate jurisdiction (Roby v. Roby, 9 Idaho 371, 74 P. 957, 3 Ann.Cas. 50; see also McDonald v. McDonald, 55 Idaho 102, 115,

39 P.2d 293), and where it appears, as in the case at bar, there is occasion for the exercise of such appellate jurisdiction, and the allowance is necessary or proper to the complete exercise of such appellate jurisdiction. McDonald v. McDonald, supra.

It appearing this is a proper case for the allowance of suit money, the relief sought is granted and suit money, to wit, $250, ordered paid in accordance with appellant's application therefor.

That brings us to a consideration of the appeal on its merits. Appellant and respondent were married April 7, 1943. One child was born of that marriage, Charlotte Fay Bedwell, now about four years of age. June 30, 1944, respondent was inducted into the military service of the United States. Following the marriage of the parties, and on October 23, 1945, appellant filed a suit for divorce in the district court of the eighth judicial district in and for Benewah county, against respondent. Thereafter and on April 16, 1946, appellant filed a complaint for divorce in the district court of the first judicial district in and for Shoshone county. Summons thereafter issued out of said last mentioned court, in said last mentioned suit, and was personally served on respondent at Ft. Missoula, Montana, April 22, 1946. May 16, 1946, a military service affidavit was filed in the Benewah county suit. September 3, 1946, decree of divorce was rendered and entered in the suit filed in the district court in and for Shoshone county. November 22, 1946, re-

spondent moved to vacate the decree rendered and entered in said last mentioned divorce suit filed in the district court in and for Shoshone county. March 12, 1947, respondent tendered an answer to appellant's last mentioned complaint, to which was attached a cross-complaint for divorce against appellant. September 11, 1947, respondent was dishonorably discharged from the military service. December 31, 1947, an order vacating the Shoshone county district court decree was entered, from which an appeal was prosecuted to this court.

Respondent's motion to vacate the decree of divorce rendered and entered in the district court of the first judicial district in and for Shoshone county was based: "upon frauds which he [respondent] claims have been perpetrated on the court of this county, namely: first, that the defendant was then, at the time of the entry of that decree and during all of the times when that action in Shoshone County pended, in military service within the meaning of the Federal Soldiers' and Sailors' Relief Act, 50 U.S.C.A.App. Section 501, and the following sections, and that, therefore, no valid decree could be entered on a default in the absence of proof that he was not in the military service, or, on the other hand, the alternative, that an attorney was appointed to defend the defendant in that action. The second ground of attack is that at the time this action was filed in Shoshone County, and during all the times it was pending, and at the time of the en-

try of the decree, there was another action pending in which Violet Bedwell was plaintiff, Theodore Bedwell, was defendant, in the identical parties, identical subject matter and for identical relief in that Benewah County action, there was on file and there is still on file an affidavit showing defendant was in military service."

November 25, 1947, respondent's motion to vacate the decree of divorce was heard. January 2, 1948, an order was entered vacating the decree of divorce rendered and entered September 3, 1946. The order was based upon several grounds. Those deemed material are: 1. That "the requisite affidavit as to the non-military service of defendant [respondent] was not filed herein in accordance with 50 U.S.C.A., App., section 501 et seq., being the Soldiers' and Sailors' Relief Act." 2. That "the defendant was prejudiced by the entry of default judgment and thereby precluded from interposing his claimed defense to the action."

The Soldiers' and Sailors' Civil Relief Act, so far as material here, 50 U.S.C.A. Appendix, § 520, provides:

"(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. * * *

(2) * * *.

(3) * * *.

(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. * * *"

■ While in the case at bar no formal affidavit was filed by appellant "setting forth" "that the defendant" (respondent) was "in the military service", she did, nev-

ertheless, very fully and completely, and with great particularity, set forth in her complaint the fact he was in the military service, the complaint being duly verified. We quote: "* * * that on or about the 27th day of June, 1944, defendant [respondent] was drafted by the U. S. Military Forces, and thereafter inducted into the same, where he served for a period of two weeks as an honorable person; that at the end of said two weeks' period he deserted said Armed Forces and thereafterwards on the 7th day of October, 1944, he was Court Martialed upon three distinct charges. The first charge being that he at that time escaped from confinement under which he had been placed; the second charge being that he absented himself without proper leave from his station for several days; and the third charge being intent to commit criminal offense, to-wit: larceny; and that he did commit larceny by the taking of an automobile wrongfully, to which offense he plead guilty except to the word larceny, substituting therefor the word joy-riding, and that he received the following sentence: to be dishonorably discharged from said service and to forfeit all pay and allowances due or to become due and to be confined to hard labor at such place as the authorities should direct; such sentence was adjudged on the 21st day of September, 1944, and plaintiff alleges that since said last mentioned date defendant has been confined in the barrics at Fort Missoula, Montana; * * *."

What the statute provides, is this: A showing, under oath, that a defendant is not in the military service, if that be the fact, or where plaintiff has personal knowledge of the whereabouts of a defendant, then, that he is in the military service, if that be the fact; and further, if a "plaintiff is not able to determine whether or not defendant" is in the military service, then and in that case, a showing to that effect. But it cannot be either important or material whether the showing is made by affidavit or by a complaint, where the complaint is duly sworn to, as in the instant case. The essential thing, under the statute, appears to be, that the showing be made under oath. That disposes of the first ground upon which the trial court based its order vacating the decree of divorce.

That brings us to the second question: Was respondent prejudiced or injured by the entry of the default judgment?

The record shows appellant filed her first suit for divorce against respondent in the district court in and for Benewah county October 23, 1945; that summons issued and was personally served on respondent by the sheriff of that county November 5, 1945, in the county of Benewah; that respondent in May, 1946, appeared in that suit by his attorney in the case at bar, and interposed a demurrer to the complaint, and that such attorney also made and filed an affidavit, as such attorney, to the effect respondent was in the military service; that, April 16, 1946, appellant commenced her

second suit for divorce against respondent in the district court in and for Shoshone county; that summons in the second suit issued and was personally served on respondent at Fort Missoula, Montana, April 22, 1946.

As above shown, a copy of the complaint in both the first and second suits for divorce was personally served on respondent. All that was necessary for respondent to do, to prevent the entry of a default and the taking of a default judgment against him, was to mail a copy of the complaint personally served on him in the second suit to his attorney, just as he apparently did in the first suit. Further, the complaint in the second suit fully advised respondent that the Shoshone county suit for divorce was a second and different suit from the first, or Benewah county suit, so that he could not have been confused as to that. And, further, the summons in the second suit, also fully advised respondent that unless he appeared and answered within twenty days after service of the same upon him, judgment would be taken against him. And notwithstanding the fact respondent had able counsel representing him in his trouble with his wife, and knew the consequences of his failure to appear and answer, and, further, notwithstanding the fact he also knew if he mailed his attorney the process served on him in the second suit, his interests would be fully and promptly protected, respondent did nothing. In other words, respondent, having ample time and full opportunity to defend, at that time, at least, chose not to make a defense. He knew what to do in the first suit, when personally served with process, and did it. So he must have known what was necessary to do in the second suit, when also personally served with process, but did not do anything. How, then, could respondent have been prejudiced by the taking of a decree of divorce against him? Moreover, his conduct in the premises constituted a waiver. Semler v. Oertwig et al., 234 Iowa 233, 12 N.W.2d 265, 270. But respondent contends "The pendency of the Benewah County action barred the maintenance of, or the entry of decree in, the Shoshone County Action."

Section 5-607, I.C.A., provides, among other things, the defendant may demur to a complaint, when it appears on the face thereof, either:

"1. * * *.

2. * * *.

3. That there is another action pending between the same parties for the same cause; or,

4. * * *.

5. * * *.

6. * * *.

7. * * *."

Sec. 5-610, I.C.A., provides: "When any of the matters enumerated in section 5-607 do not appear upon the face of the complaint, the objection may be taken by answer."

412

And section 5-611, I.C.A., provides: "If no objection be taken, either by demurrer or answer [as in the instant case], the defendant must be deemed to have waived the same excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action."

Therefore, respondent's objection to the effect the first divorce suit was a bar to the maintenance of the second, comes too late.

It follows the order of the lower court must be, and hereby is, reversed and the cause remanded with directions to reinstate the decree of divorce rendered and entered in the case at bar September 3, 1946. Costs awarded to appellant.

GIVENS, C. J., and BUDGE, MILLER and HYATT, JJ., concur.