279 P.2d 405

Robert M. NEWELL, Plaintiff,

v.

The Honorable D. H. SUTPHEN, as Judge of the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Gooding, and the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Gooding, Defendants.

No. 8231.

Supreme Court of Idaho.

Jan. 19, 1955.

Carver, McClenahan & Greenfield, Boise, for plaintiff.

Richards, Haga & Eberle, Boise, for defendants and for Gertrude B. Newell, Real Party in Interest.

PORTER, Justice.

On August 31, 1954, a divorce action entitled Gertrude B. Newell, plaintiff, v. Robert M. Newell, defendant, was pending in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Gooding. On such date defendant district judge made and entered a certain order of contempt in such action wherein Robert M. Newell, plaintiff herein, was adjudged guilty of contempt of court by reason of the sale of a certain station wagon automobile. Thereupon, plaintiff initiated this proceeding in this court asking for a Writ of Prohibition and/or Writ of Certiorari for the purpose of testing the validity of such contempt order and staying further action in such contempt matter pending the final determination of this proceeding.

By a separate petition, plaintiff asked for an order staying the contempt matter until this court could determine whether the Writ of Prohibition and/or Writ of Certiorari should issue. This court thereupon granted such stay order.

Thereafter, this court issued a Writ of Review requiring defendants to submit a full and true copy of the record of such contempt proceedings to this court for review, and requiring such district judge to desist from further action in said contempt matter until further order of this court.

Thereupon, Gertrude B. Newell, the real party in interest, filed an application for attorney's fees and costs in this proceeding and for a stay of further proceedings under the Writ of Review pending the payment

of same and pending the payment of costs, attorney's fees and support money for three children allowed by the trial court in the divorce action.

Defendants filed a motion to modify and clarify the restraining order contained in the Writ of Review to permit the trial court to proceed with the hearing upon an order to show cause why Robert M. Newell should not be held in contempt for failure to pay said support money for three children and to permit the court to hear the motion for new trial.

Defendants also filed a motion praying that this court reconsider and rehear the matter of the issuance of the Writ of Review and stay further proceedings thereon pending a hearing on such motion; and that plaintiff be required to prepay or secure the cost of compliance with the Writ of Review in the event any record of the proceedings in the divorce action be required. Defendants and Gertrude B. Newell also filed a motion to strike the application for and to recall the Writ of Review upon the ground that the contempt order was not a final order.

After consideration of such motions, this court issued an order staying the further execution of the Writ of Review pending the further order of this court, granted the motion to reconsider the issuance of the Writ of Review and granted leave to plaintiff to answer and respond to the application of Gertrude B. Newell and the motions of defendants. The restraining order contained in the Writ of Review was continued in effect pending further order of the court.

Plaintiff filed his answer and response to the application of Gertrude B. Newell and to the motions of defendants and accompanied the same by the affidavit of plaintiff, Robert M. Newell. Defendants moved to strike such affidavit on the ground that same is not a responsive answer to the pleadings of defendants and Gertrude B. Newell.

At the request of the parties, this court set the entire matter for hearing upon oral argument. Prior to such hearing a motion was granted to augment the record by adding the "Notice of Appeal" by Robert M. Newell in the divorce case from the judgment of the district court to this court. The cause has been presented upon oral argument and is now before us for determination.

From the record the following pertinent facts appear:

Robert M. Newell and Gertrude B. Newell were married on November 1, 1942. On August 17, 1953, plaintiff filed an action for divorce against Gertrude B. Newell in the Superior Court of the State of California in and for the County of Los Angeles. Gertrude B. Newell was served with process in the State of Idaho but did not personally appear in such action. On September 28, 1953, said Superior Court of Los Angeles County granted plaintiff an interlocutory decree of divorce, including

therein the division of the community property of the parties.

On August 27, 1953, Gertrude B. Newell filed an action for divorce in the District Court in Gooding County, Idaho. Robert M. Newell made a general appearance in the Idaho action. On January 19, 1954, upon the request and motion of Robert M. Newell, defendant in such action, the court made an order awarding to such defendant the use of a 1953 Buick Station Wagon automobile pending the final determination of the ownership thereof in such divorce action. On April 26, 1954, J. L. Eberle, attorney for plaintiff, Gertrude B. Newell, in such divorce action, filed an affidavit in support of an application for an order to show cause why defendant in such action should not be adjudged guilty of contempt of court on the ground that he had sold and disposed of such station wagon.

On June 11, 1954, Gertrude B. Newell commenced an action in the Superior Court of the State of California in and for the County of Los Angeles entitled Gertrude B. Newell v. Robert M. Newell by which she sought to procure the issuance of subpoenae re deposition and subpoenae duces tecum to obtain evidence for use in the trial of the Idaho action. After hearing, on motion of Robert M. Newell, such court issued an order to quash such subpoenae on June 22, 1954. No appeal was taken from such order and the time to appeal has now expired.

On June 23, 1954, after hearing on order to show cause, the said Los Angeles County Superior Court filed a restraining order and injunction restraining Gertrude B. Newell and the District Court of the Fourth Judicial District of the State of Idaho in and for the County of Gooding from proceeding further with the divorce action in such court. On July 9, 1954, Gertrude B. Newell filed an appeal from the order dated June 23, 1954, which appeal is presently pending in the District Court of Appeals of the State of California.

On July 12, 1954, hearing was had in the District Court in Gooding County on the order to show cause in the contempt proceeding. Thereafter, on August 31, 1954, Judge D. H. Sutphen, defendant herein, entered an order of contempt, finding Robert M. Newell, defendant in such action, guilty of contempt of court for the sale and transfer of the said Buick Station Wagon automobile contrary to the order of the court dated January 19, 1954. The court concluded such order of contempt in the following language:

"Now Therefore, It Is Hereby Ordered That said defendant Robert M. Newell, be and hereby is adjudged guilty of contempt of this Court; and

"It Is Further Ordered That said Defendant may purge himself of said contempt if, within thirty (30) days

from the date of this order, said Defendant either returns said Station Wagon to the custody of this court, or pays to Plaintiff the sum of $825.00; and

"It Is Further Ordered That if said car is not returned or if said payment be not so made, said Defendant shall appear before this Court on the 31st day following the date of this order, or at such other time as the Court may fix, for sentence and pronouncement of judgment for such contempt."

On August 31, 1954, the trial court granted a decree of divorce to Gertrude B. Newell and awarded her the Buick Station Wagon or the value thereof. From such judgment, it now appears, Robert M. Newell has duly appealed to this court, where such appeal is now pending.

It is the main contention of plaintiff herein that in view of the proceedings in the California Courts, defendant judge and defendant district court were without jurisdiction to hear and determine the divorce action filed in such district court or to adjudge defendant therein guilty of contempt for violation of any alleged order issued by the court in such action.

It is now apparent that in order to pass upon the validity of the contempt proceedings and to determine the jurisdiction or lack of jurisdiction of the trial court, it will be necessary for the entire proceedings

in the divorce action to be before this court. Orderly procedure, lessened expense, prevention of duplication and the best interests of the litigants would seem to dictate that the matters involved be not heard piecemeal, but that the whole matter be considered upon the appeal from the judgment with the entire transcript before us.

It appears that the primary purpose of this proceeding is to prevent execution upon any judgment for fine or imprisonment which may be entered by the trial court in the contempt proceedings prior to a final determination on the merits of the question of jurisdiction. It further appears from the oral argument that defendants herein and Gertrude B. Newell, the real party in interest, have no objection to such a stay of execution. It is evident that the contempt proceedings and any judgment entered therein must eventually stand or fall dependent upon the final determination of the question of jurisdiction of the trial court. Williams v. Koelsch, 67 Idaho 341, 180 P.2d 237; MacWatters v. Stockslager, 29 Idaho 803, 162 P. 671; Hay v. Hay, 40 Idaho 159, 232 P. 895.

In view of the foregoing, judgment will be entered as follows: The Writ of Review heretofore issued will be quashed. Defendants will be restrained and enjoined from carrying out the execution of any judgment of fine or imprisonment which may be hereafter entered in the pending contempt proceedings relative to the Buick Station Wagon or other proceedings in such con-

nection. Such restraining order will not prohibit the trial court in proceeding to judgment in the pending contempt proceedings or other contempt proceedings in the divorce action.

The application of Gertrude B. Newell for an order granting her attorney's fees for services of counsel in this original proceeding will be denied. Orders for attorney's fees in connection with divorce actions are made by this court only where necessary or proper in aid of the complete exercise of its appellate jurisdiction. Callahan v. Dunn, 30 Idaho 225, 164 P. 356; Vollmer v. Vollmer, 43 Idaho 395, 253 P. 622; McDonald v. McDonald, 55 Idaho 102, 39 P.2d 293; Cole v. Cole, 68 Idaho 257, 193 P.2d 395; Bedwell v. Bedwell, 68 Idaho 405, 195 P.2d 1001.

Support and maintenance of the minor children of the parties to the divorce action and costs and attorney's fees allowed by the trial court in such action are not proper issues before this court in this proceeding, and will not be considered.

Let judgment be entered accordingly. No costs allowed.

TAYLOR, C. J., and KEETON and SMITH, JJ., concur.

GIVENS, J., sat at the hearing prior to his retirement but did not participate in the decision.