23736. CONNELL v. CONNELL.

Argued October 11, 1966—Decided November 23, 1966.

*Albert G. Ingram*, for appellant.

*W. C. Calhoun, G. B. Hester*, for appellee.

Almand, Justice. In this appeal Jacquelyne Connell seeks a review of an order adjudging her, on petition of her former husband, A. J. Connell, in contempt of court for her disobedience of a final divorce decree as to the custody of their minor children.

On November 13, 1963, a final decree of divorce was granted in Richmond Superior Court. The agreement of the parties touching the custody, maintenance and support of their minor children was made a part of the decree of the court. The wife, appellant here, was awarded the custody of the three minor children with right in the father to have their custody for 60 days during the summer months and at specified periods to have the children visit him. The decree further provided that "the minor children of the parties shall remain within the jurisdiction of the Superior Court of Richmond County, Georgia, except as is hereinafter provided, and that for a term of four (4) years following the date of this decree, that neither party shall have the right to petition this court for permission to remove said children from this jurisdiction. It is further ordered that during their respective custody periods, neither the plaintiff nor the defendant shall remove the children from this jurisdiction for a term of more than two (2) weeks without the express permission of the other. The parties hereto having agreed that the failure of either to comply with the strict terms and conditions of this decree, and that any violation of said terms shall subject the violator to be ruled for contempt of this court. Accordingly, the obligations of the respective parties hereto shall be regarded as an order of this court of sufficient force and effect to subject the party deviating from the terms herein to a rule for contempt."

On November 1, 1965, the father filed his petition praying that the mother be adjudged in contempt of court for failing and refusing to obey the provisions of the decree of November 13, 1963, as to his visitation rights and alleging that she had removed the children beyond the jurisdiction of the court. The petition and order were personally served upon the mother. The mother filed general and special demurrers, a motion to dismiss and her answer. In her response she admitted the children were beyond the jurisdiction of the court, such removal being caused by the father's malicious harassment, and asserted that the courts of South Carolina alone have jurisdiction over her and the children.

After a lengthy hearing, the court entered its order on July

11, 1966, adjudging the mother to be in contempt of court and ordered "that the Sheriff of Richmond County confine her in the jail of Richmond County until she purges herself of such contempt by returning said minor children, Deborah Connell, Aticus J. Connell, Jr., and Jacquelyne Anna Connell, to Richmond County, Georgia, and the jurisdiction of the court, where they shall remain and complying with each and every provision of said decree, provided however, she shall have until 12 o'clock noon on the 18th day of July to comply with the terms of this order." On July 18, 1966, the court also denied the mother's prayer for attorneys fees. A supersedeas was granted, and the appeal by the mother enumerates error on these orders.

The several enumerations of error assert that the court erred in (a) overruling the appellant's demurrers and motion to dismiss the contempt petition, (b) finding the mother in contempt of court, and (c) refusing to award her attorneys fees.

The main attack on the contempt order is that the court did not have jurisdiction over the mother and the minor children, they having moved, subsequent to the grant of the divorce decree, to the State of South Carolina, and the decree does not contain any express command or prohibition but merely declares the rights of the parties as to the custody of the children. It is therefore concluded that the mother's failure to comply with the terms of the· order is not a basis for a contempt proceeding.

■ Jurisdiction. Every court has the power to compel obedience to its judgments. *Gaston v. Shunk Plow Co.,* 161 Ga. 287, 298 (130 SE 580). The superior court rendering a decree in a divorce action retains jurisdiction to enforce the provisions therein relating to the custody of the minor children of the parties by attachment for contempt. *Bilbo v. Bilbo,* 167 Ga. 602 (146 SE 446); *Curtright v. Curtright,* 187 Ga. 122 (3) (200 SE 711); *Taylor v. Taylor,* 216 Ga. 767, 768 (119 SE2d 571). Only the court offended has the power to entertain proceedings to that end. *Goodrum v. Goodrum,* 202 Ga. 135 (2) (42 SE2d 450). It was not error to overrule the defendant's demurrers and motion to dismiss.

■ "Where the pleadings show on their face that the court

is without jurisdiction of the subject matter or of the parties defendant named therein, any preliminary order of final judgment rendered therein is void; and disobedience of a void mandate, order, or judgment, or of one issued by a court without jurisdiction of the parties litigant, is not contempt of court." *John Hancock Mut. Life Ins. Co. v. Baskin,* 179 Ga. 86 (3) (175 SE 251). See also *Danner v. Robertson,* 221 Ga. 516 (2) (145 SE2d 554).

■ This court in a full-bench decision in *Evans v. Allen,* 212 Ga. 193 (1) (91 SE2d 518), held: "The attempt by the order of the Superior Court of Walker County, dated December 6, 1954, to add to the judgment awarding custody of a minor child conditions or qualifying terms whereby the court retained jurisdiction—prohibiting the removal of the child beyond the jurisdiction of the court and providing that application might thereafter be made to the court for construction of the decree— was utterly void and of no effect. The judgment was final, exhausted the court's jurisdiction, and nothing said therein alters this legal status of that judgment. *Burton v. Furcron,* 207 Ga. 637 (63 SE2d 650); *Gibbs v. North,* 211 Ga. 231 (84 SE2d 833)." The statement in *King v. King,* 202 Ga. 838 (2) (44 SE2d 791), that "it is thus against the policy of the law to permit removal of a child from the jurisdiction of the state unless its welfare would better be served thereby, although such removal may be permitted by the court in its discretion, in a proper case," not being a full-bench decision is not binding in this case.

The provision in the divorce decree that "it is further ordered that the minor children of the parties shall remain within the jurisdiction of the Superior Court of Richmond County, Georgia, except as is hereinafter provided, and that for a term of four (4) years following the date of this decree, that neither party shall have the right to petition this court for permission to remove said children from this jurisdiction" and that "it is further ordered that during their respective custody periods, neither the plaintiff nor the defendant shall remove the children from this jurisdiction for a term of more than two (2) weeks without the express permission of the other" is void under our

ruling in the *Evans* case, supra. Therefore, it was error for the trial judge to order the mother in the contempt judgment to be confined to jail "until she purges herself of such contempt" by returning the children to Richmond County, Georgia, "where they shall remain and complying with each and every provision of said decree."

■ It was not error for the court to deny the prayer of the mother for attorneys fees. The provisions of the Act of 1947 (Ga. L. 1947, p. 292; *Code Ann.* § 30-219) for allowance of attorneys fees in contempt proceedings apply only where the former wife seeks by petition and rule to have the former husband adjudged in contempt for failure to make payment for alimony which has been awarded for the support of herself or their children.

*Judgment affirmed in part; reversed in part. All the Justices concur.*