25560. MAR-PAK MICHIGAN, INC. et al. v. POINTER.

FRANKUM, Justice. "No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon. Every temporary restraining order granted without notice, shall be endorsed with the date and hour of issuance; . . . and shall expire by its terms within such time after entry, not to exceed 30 days, as the court fixes, unless the party against whom the order is directed consents that it may be extended for a longer period. In case a temporary restraining order is granted without notice, the motion for an interlocutory injunction shall be set down for hearing at the earliest possible time . . . ; and when the motion comes on for a hearing the party who obtained the temporary restraining order shall proceed with the application for an interlocutory injunction, and if he does not do so, the court shall dissolve the temporary restraining order." Ga. L. 1967, pp. 226, 240 (*Code Ann.* § 81A-165 (b)). Where an applicant for a temporary restraining order fails to comply with the foregoing statute, the judge of the superior court is without authority to grant such an order without notice. Under the foregoing rule relating to the granting of temporary restraining orders without notice, where it appears, as in this case, that a judge of the Superior Court of DeKalb County had, pursuant to an unverified petition, brought by Pointer against Mar-Pak Michigan, Inc., unsupported by any affidavit showing facts authorizing such order, granted a temporary restraining order on October 11, 1968; and where no hearing on the application of the complaint therein for an interlocutory injunction was ever held, such temporary restraining order, if it was otherwise valid, expired by operation of law 30 days after its

190

entry; and where thereafter the original papers in the same complaint were withdrawn from the files of the clerk of the court and presented to another judge of the court who, thereupon, issued without notice to the opposite party another restraining order exactly in the language of the first restraining order, except as to its date and the date the respondent was required to show cause, restraining the defendant and its attorney from prosecuting a case pending in another court, such latter restraining order, being unsupported by a verified complaint or affidavit showing that immediate and irreparable loss or damage would result to the applicant before notice could be served and a hearing had thereon, and not being endorsed with the hour of its issuance was utterly void, and the attorney for the defendant was not in contempt of court in refusing to abide by the restraint imposed by such order and in proceeding to prosecute the case pending in the Civil and Criminal Court of DeKalb County which proceeding was sought to be restrained by the terms of such void order. *John Hancock Mut. Life Ins. Co. v. Baskin,* 179 Ga. 86 (3) (175 SE 251); *Connell v. Connell,* 222 Ga. 765 (2) (152 SE2d 567). Accordingly, the trial court erred in sustaining the plaintiff's motion for contempt against the defendant and its attorney.

*Judgment reversed. All the Justices concur.*

Argued December 9, 1969—Decided February 5, 1970— Rehearing denied March 5, 1970.

*Heyman & Sizemore, Lamar W. Sizemore, W. Dan Greer, Hardeman Blackshear, Davis & Stringer, Thomas O. Davis, Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, King & Spalding, Charles H. Kirbo, Martin H. Peabody,* for appellants.

*Glenville Haldi,* for appellee.

On Motion for Rehearing.

Frankum, Justice. The appellee in a vigorous and well-reasoned motion for rehearing contends that this court has, in rendering the foregoing opinion, recognized a collateral attack upon the temporary restraining order which is not permitted and has erroneously classified the temporary restraining order as "void" when it was at most defective. Though we did not expressly so hold, counsel for the appellee correctly recognizes that the basis

of the ruling which we have made is that the requirements of the portion of the 1967 Act quoted in the opinion from *Code Ann.* § 81A-165 (b) are jurisdictional and that unless the movant or applicant complies with the conditions precedent for the granting of a restraining order without notice to the opposite party, as set forth therein, the judge to whom the application is made acquires no jurisdiction to issue such order. Appellee contends, however, that the order was not void, but was at most erroneous because the trial judge who issued the order had general jurisdiction to issue injunctions and restraining orders and also had jurisdiction of the person of the defendant.

Jurisdiction in the context of the question presented by the appeal in this case should not be so narrowly defined, however. Jurisdiction means nothing more or less than the power and authority of the judge to act in the particular matter before him. Black's Law Dictionary, 4th Ed. p. 991. 21 CJS 28 et seq., Courts, § 15. It includes the authority to do the particular think done in a particular way. Fortenbury v. Superior Court, 16 Cal. 2d 405 (106 P2d 411). It is the authority or power to act in a case in a particular way. Hill v. Superior Court, 16 Cal. 2d 527 (106 P2d 876). While the provisions of section 65 of the Civil Practice Act of 1966 as amended (Ga. L. 1966, pp. 609, 665; Ga. L. 1967, pp. 226, 240; *Code Ann.* § 81A-165) quoted in the opinion do not specifically use the word "jurisdiction" we do not think that the language is subject to any interpretation other than that it denies authority to the judges of the superior court to issue ex parte restraining orders "unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before notice can be served and a hearing had thereon." It is true that the judges of the superior courts have general jurisdiction to issue injunctions and restraining orders and that in this broad sense the judge in this case had the general power and authority to act. But, the statute says that "no temporary restraining order shall be granted without notice" unless the required showing is made. It is difficult to see how a plainer restriction upon the power and authority of the judge to act in such matters could have been

expressed. Similar restrictions on the authority of the judges of the superior courts to issue ex parte restraining orders have been recognized and upheld by courts of other jurisdictions, as well as by this court. See Williams v. Koelsch, 67 Ida. 341 (180 P2d 237), and State v. Harris, 229 Mo. App. 721 (81 SW2d 632). And see *Strickland v. Griffin*, 70 Ga. 541, 550.

*Rehearing denied. All the Justices concur.*