40776. STEWART et al. v. McLEAN.
40804. STEWART et al. v. BROWN et al.

GREGORY, Justice.

In both of these cases the trial court issued temporary restraining orders against appellants. In each instance the trial court

permitted appellees to amend their service instructions in order to perfect service on appellants. Service was perfected four days after the issuance of the temporary restraining orders. It is not contended that appellants were subject to the restraining orders before service was perfected. However, appellants complain the trial court did not have jurisdiction to issue the temporary restraining orders since service had not been perfected on them at the time of the trial court's orders.

OCGA § 9-11-65(b) (Code Ann. § 81A-165) provides, in part: "A temporary restraining order may be granted *without written or oral notice* to the adverse party or his attorney only if: (1) It clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and (2) the applicant's attorney certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required . . . In case a temporary restraining order is granted without notice, the motion for an interlocutory injunction shall be set down for hearing at the earliest possible time. . . ." (Emphasis supplied.)

It is true that the trial court has no jurisdiction to issue, ex parte, a temporary restraining order before notice can be given unless it is clearly shown " 'that immediate and irreparable injury, loss, or damage will result to the applicant.' " *Mar-Pak Michigan, Inc. v. Pointer,* 226 Ga. 189 (173 SE2d 206) (1970). However, the records in these cases support the conclusion that all of the above statutory requirements were complied with. The fact that appellants were not properly served with the complaints in these cases until four days after the trial court issued the temporary restraining orders did not divest the trial court of jurisdiction to enter these orders.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 17, 1984.

Homer H. Stewart, *pro se.*
*Jane S. Stevens,* for appellees.