41416. STEWART et al. v. BROWN et al.
(321 SE2d 738)

MARSHALL, Presiding Justice.

Appellees, Theresa Brown and Tony F. McLean, filed an application for citation of contempt against the appellants, Homer H. Stewart; Peach Water Co., Inc.; Sherwood Enterprises, Inc.; Kimball Enterprises, Inc.; and Monarch Corp. The plaintiffs alleged that they had been among the parties plaintiff in a class action on behalf of

---

property owners in a subdivision, which resulted in a settlement agreement and full release which were adopted in a court order, and that the defendants in that action — appellants here — were failing to comply with the said order in specified ways.

On November 17, 1983, the trial court entered a temporary restraining order, on behalf of all of the residents of the subdivision and any future residents until the matter could be finally adjudicated, which enjoined the defendants from cutting off the plaintiffs' water supply, and provided that the t.r.o. should be in effect until a hearing as to a permanent injunction on January 6, 1984. On April 17, 1984, this court affirmed the order granting the t.r.o. in *Stewart v. McLean*, 252 Ga. 455 (314 SE2d 439) (1984).

On May 21, 1984, after the remittitur from this court had been filed in the trial court, the trial judge wrote a letter to defendant Stewart and his counsel, regarding two other cases in which they were then involved. In this letter, the judge informed them that, since he would not be in Peach County on June 15, 1984, he would set a hearing on the two other cases on that date in Bibb County; that he would also on that day resolve "the two cases that were appealed to the Supreme Court"; that he had had several calls from the subdivision in question regarding their water having been cut off; that since the "water case" was appealed by defendant Stewart and that appeal had temporarily suspended jurisdiction in the trial court, he was advising all parties that his t.r.o. would remain in effect until June 15, 1984, when he expected to finally resolve that matter; and that, if water had been cut off, it would be appropriate for defendant Stewart to immediately restore water to those residents. This letter-order was not filed until July 9, 1984.

On June 15, 1984, the defendants filed their notice of appeal from the letter-order continuing the t.r.o. until June 15. The record before us does not indicate what action, if any, the trial court took pursuant to the scheduled June 15 hearing. *Held*: We affirm.

Assuming that the trial court finally resolved the matter on June 15 as was indicated in the letter-order, the t.r.o. — which was to remain in effect until June 15 and from which the defendants appeal — had expired on the June 15 date on which the notice of appeal in the present case was filed. Thus, the appeal can be considered moot.

Even if we consider the merits of the appeal, however, the errors enumerated are without merit. As to the validity of the t.r.o., this is res judicata by reason of the previous appeal in this case (No. 40804). As to the ground of no notice, see OCGA § 9-11-65 (b). Once the validity of the t.r.o. was established, there was no error in continuing it in effect until another hearing could be held for a resolution of the issues in the case, this being within the trial judge's inherent power in order to preserve the status quo and the court's jurisdiction pending

the final ruling. OCGA § 15-6-9. Thus, the fact that the t.r.o. had not been specifically prayed for by the plaintiffs, does not invalidate the t.r.o. (This enumerated error was also ruled on in the prior appeal.)

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 31, 1984.

Homer H. Stewart, *pro se.*
*Jane S. Stevens*, for appellees.

*Judgment affirmed. All the Justices concur.*